SCHOOL DISTRICT NO. 1, FRACTIONAL, OF THE TOWNSHIP OF MANCELONA *v.* SCHOOL DISTRICT NO. 1 OF TOWNSHIP OF CUSTER.

1. SCHOOLS AND SCHOOL DISTRICTS—"RESIDENCE" AND "DOMICILE" NOT SYNONYMOUS FOR SCHOOL PURPOSES.

Although the word "residence," as used in statutes relating to voting, eligibility to hold office, taxation, probate and administration of estates, etc., is treated as synonymous with "domicile," it is not so treated in considering the residence of children under the school statute.

Domicile, 19 C. J. § 3; Schools and School Districts, 35 Cyc. pp. 1112, 1113, 1120; 26 L. R. A. 581; 36 L. R. A. (N. S.) 341; 51 L. R. A. (N. S.) 234; 24 R. C. L. 624.

2. SAME—GOOD-FAITH RESIDENT OF SCHOOL DISTRICT ENTITLED TO SCHOOL PRIVILEGES.

    A child is entitled to the benefit of the public schools in the district in which it lives if it has gone there in good faith for the purpose of acquiring a home and not for the purpose of taking advantage of school privileges, but it will not be permitted to go into a district chiefly for the purpose of getting school advantages.

3. SAME—INTENT TO RETAIN LEGAL DOMICILE ELSEWHERE.

    Where the parents of school children moved into a school district because it was convenient to the father's work, and he intends to live there as long as his employment continues, he is a good-faith resident of said district and his children are entitled to school privileges therein, notwithstanding he intends to retain his legal domicile in the district from which he moved, continues to vote therein, and intends to return to his farm there when his present employment ceases.

4. SAME—LIABILITY FOR TUITION.

    A school district in which the parents and children have gained a legal residence for school purposes is not entitled to collect tuition for high school attendance from another district which maintains no high school and from which the parents moved, but in which they intend to retain their legal domicile, and to which they gave timely notice, as required by Act No. 79, Pub. Acts 1921, that their children desired to attend high school the coming year.

Error to Antrim; Gilbert (Parm C.), J. Submitted October 8, 1926. (Docket No. 69.) Decided December 8, 1926. Rehearing denied February 4, 1927.

Assumpsit by school district No. 1, fractional, of the township of Mancelona against school district No. 1 of the township of Custer for tuition. Judgment for defendant. Plaintiff brings error. Affirmed.

*H. E. Wellman,* for appellant.

*Mesick & Miller,* for appellee.

McDONALD, J.    The plaintiff sued to recover for school tuition under Act No. 79, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5830).    It maintains a high school approved by the superintendent of public instruction.    The defendant is a primary district of eight grades.    The pupils for whose tuition the suit was brought are children of Mr. and Mrs. Frank Richards.    Mr. Richards gave the defendant written notice, as required by the statute, that his children would attend plaintiff's high school during the school year of 1924-1925.    At the close of the year the plaintiff presented a claim of $180 to defendant for tuition. The defendant refused payment on the ground that, when the notice was given by Mr. Richards that his children would attend the plaintiff's high school, they were not residents of defendant's district.    The facts, which are undisputed, show that Mr. Richards owns a farm in defendant's district where he and his family lived for many years prior to the occurrences which gave rise to this controversy.    Some time in 1923 he moved to Stover where he had secured employment with the Stover electric lighting company.    He testified that though he and his family were actually living in Stover, he intended to retain his residence in Custer township, where his farm is located.    He and his wife continued to attend and vote in the annual school meetings of the defendant district.    He did not register or attempt to vote at any other place.    His children were there kept on the census list and the district drew primary money on account of them during the school year of 1924-1925.    His employment at Stover was permanent if satisfactory.    He did not know how long he might remain there, but whenever he ceased to be so employed he intended to return with his family to the farm.    From these facts the circuit judge found that while Mr. Richards retained his domicile in Custer township, his residence

for school purposes was at Stover in plaintiff's district. The cause was tried before the court without a jury. Findings were filed and a judgment for the defendant of no cause was entered. The plaintiff has brought error.

The case involves a determination of the school residence of Mr. Richards' children. The defendant is not liable unless the children were residents of its district at the time the notice required by the statute was given that they would attend high school during the school year commencing in September, 1924, and ending in June, 1925. Such notice was given and it is conceded that all necessary steps were taken to charge the defendant with liability for the tuition.

"Although there is some conflict among the decisions as to what constitutes a residence which will entitle a child to school privileges, statutes providing for a free public school system are, by the weight of authority, construed as evidencing an intention on the part of the State that all the children within its borders shall enjoy the opportunity of a free education, and in determining whether a person is or is not a resident in a school district within the meaning of such a rule, the usual and ordinary *indicia* of residence or the absence thereof should be the proper guide. In line with this construction of the statutes, residence entitling an infant to school privileges is distinguished from domicile, or the technical and narrow use of the term 'residence,' for the purpose of suffrage or other like purposes, and it is construed in a liberal sense as meaning to live in, or be an inhabitant of, a school district, the purpose being not to debar from school privileges any child of school age found within the district under the care, custody, or control of a resident thereof. Such rule does not usually require that there shall be a legal domicile, but it is sufficient if the child and its parent, or the person *in loco parentis*, are actually resident in the district, with apparently no present purpose of removal." 24 R. C. L. p. 624.

The rules stated in the above quotation are fair deductions from the best-considered cases dealing with

the subject of what constitutes a residence entitling children to free school privileges.   Applying these rules to the instant case, it may be stated as a foundation fact that Mr. Richards could retain a legal domicile in the defendant district, and at the same time acquire an actual residence in the plaintiff's district, which would entitle his children to free school privileges.   The record shows that he had an actual residence in the plaintiff's district.   He and his family had lived there nearly two years at the time of suit.   It was a residence acquired in good faith. He did not move there for the better school advantages which the plaintiff could give his children.   He went there for business reasons.   He had been employed to work in the electric lighting plant, and moved there for convenience in following his employment. He testified that he intended to live there so long as he was employed; that his employment would be permanent if it continued to be satisfactory.   But he kept the farm, continued to vote in the defendant's district, and intended to return there when his employment ceased.   Under these circumstances he acquired an actual good-faith residence at least for school purposes in the plaintiff's district.

It is not necessary to determine whether he retained a legal domicile in the district from which he moved.   We are here considering his residence for school purposes.   The word "residence" as used in statutes relating to voting, eligibility to hold office, taxation, probate and administration of estates, etc., is synonymous with domicile.   *Gluc* v. *Klein,* 226 Mich. 175.

But it is not so treated in considering the residence of children under our school statute.   The reason is apparent.   The State endeavors to foster and encourage education.   It wants every child within its limits to have equal opportunity with other children in the free privileges of the public schools.   And

while the theory of the school law is that a child is restricted to these free privileges to the district in which it resides, it is not intended that it must acquire a residence in that district in the technical sense of the term. In recognition of this policy of the State, and the necessities of children for a free education, the courts construe the school laws liberally and distinguish residence from domicile in its technical sense.

The rule as to what constitutes residence entitling children to the privileges of public schools is well stated in the note to *Commonwealth* v. *School Directors of Upper Swatara Township*, 26 L. R. A. 581:

"So far as a rule can be deducted from the cases upon this subject, it seems to be that a child is entitled to the benefit of the public schools in the district in which it lives if it has gone there in good faith for the purpose of acquiring a home and not for the purpose of taking advantage of school privileges. But that it will not be permitted to go into a district chiefly for the purpose of getting school advantages."

See, also, note to 36 L. R. A. (N. S.) 341.

The children of Mr. Richards are entitled to the free use of the plaintiff's school. He is an actual good-faith resident of that district. He went there to acquire a home convenient to his employment, and not chiefly to take advantage of school privileges. He has no present intention of removing therefrom. He and his children are residents of the plaintiff district within the meaning of the school statute. It follows that the defendant district is not liable for their tuition.

No other questions require discussion.

The judgment of the circuit court is affirmed, with costs to the defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.