ALVIN EDSON SHAW

*v.*

NELLIE IRENE SHAW

(No. 13135)

Submitted February 1, 1972.      Decided March 7, 1972.

*Martorella & Cohen, Joseph G. Martorella,* for appellant.

*John G. Anderson, Leo Catsonis,* for appellee.

BERRY, JUDGE:

This is an appeal by Nellie Irene Shaw, hereinafter referred to as appellant, from a final judgment of the Circuit Court of Putnam County of January 27, 1971, which denied her motion to vacate and set aside the order of January 14, 1970, which had granted Alvin Edson Shaw, hereinafter referred to as appellee, a divorce. The appellant contends that the appellee was a resident of Wayne County, and not Putnam County, at the time he filed his complaint for a divorce, and, consequently, Putnam County was not the proper venue for the divorce action. The appellant also contends that the affidavit submitted by the appellee for the order of publication was improper because the appellee knew his wife's mailing address. Upon application to this Court an appeal was granted on September 27, 1971, and on December 6, 1971 the motion by the appellant for leave to move to reverse the judgment was granted. The case was set for hearing on February 1, 1972, at which time it was submitted for decision on arguments and briefs of the parties.

The appellee instituted an action for a divorce in the Superior Court in Middlesex County, Connecticut, in 1964, at which time the appellant filed a cross complaint and was awarded $60 a month for temporary support. That action is still pending. The appellee sent monthly support payments to the Superior Court in Middlesex County until

about a week after he was granted a divorce by the Circuit Court of Putnam County, which precipitated the present proceeding.

The appellee left Connecticut in 1965, living temporarily in Nebraska, North Dakota and Texas, returning to Connecticut and in June, 1967, moving to Kenova, Wayne County, West Virginia. The appellee met a Mrs. Smith in North Dakota, whom he subsequently married after he obtained his divorce. After the appellee moved to Kenova Mrs. Smith brought her family there and lived with the appellee at 1807 Chestnut Street. Soon thereafter Mrs. Smith rented and moved to a residence at 5607 Old Piedmont Road, Wayne County, West Virginia, and the appellee moved in with the Smith family at that location.

In April, 1969 the appellee started working at the John Amos Power Plant in Putnam County, but continued to live at the Smith residence. In October, 1969 the appellee rented a furnished room at Winfield, Putnam County, in order to be closer to his place of employment. However, he continued to visit the Smith family in Wayne County on weekends. In November, 1969 the appellee filed his complaint for divorce in the Circuit Court of Putnam County. He stated in the affidavit to obtain an order of publication that he did not know the appellant's address, and, consequently, she was not served with a copy of the summons and complaint as required by Rule 4(e)(1), Rules of Civil Procedure. On January 14, 1970 a final order was entered by the Circuit Court of Putnam County granting the appellee a divorce. The appellant contends that she knew nothing about the divorce proceedings instituted in Putnam County, and that the appellee was responsible for her not having been notified of the proceedings. Although the appellee spent some of the weekends with the Smith family in Wayne County, he continued to live in the furnished room in Putnam County until April, 1970 when he married Mrs. Smith and began living with her again in the home she rented in Wayne County.

The telephone at the residence rented by Mrs. Smith in Wayne County was in the appellee's name and remained in his name all of the time he was living in Putnam County, and the reason given by him for keeping the telephone in his name was that he "* * * intended to be back there." The appellee also paid his capitation tax and personal property tax in Wayne County the entire time he lived in West Virginia. In May, 1970 the appellant filed a motion to vacate the January 14, 1970 judgment and on January 27, 1971 the Circuit Court of Putnam County denied the appellant's motion solely on the issue as to the domicile of the appellee on the day he filed his complaint in the divorce case. The trial court's decision was stated in a letter, made a part of the record, that in its opinion the appellee had his residence in Putnam County at the time he filed for a divorce, and, therefore, Putnam County was the proper venue and the court had jurisdiction to hear the case.

The assignment of error that the divorce proceedings were defective or void by reason of a false or misleading affidavit filed by the appellee was not considered or decided by the trial court, and will not be considered by this Court. It has been consistently held by this Court that it will not decide nonjurisdictional questions which have not been decided by the court from which the case has been appealed. *Dunning* v. *Barlow & Wisler, Inc.*, 148 W.Va. 206, 133 S.E.2d 784; *Pettry* v. *Chesapeake and Ohio Railway Company*, 148 W.Va. 443, 135 S.E.2d 729; *Work* v. *Rogerson*, 149 W.Va. 493, 142 S.E.2d 188.

The only issue to be decided in the case at bar is whether Putnam County was the proper venue at the time the divorce proceeding was filed. See Code, 48-2-8, as amended.

The evidence in this case clearly shows that the appellee obtained a furnished room in Putnam County and moved from Wayne County to the furnished room in Putnam County for his convenience in connection with his work at the John Amos Power Plant in Putnam County, West

Virginia. A man may live in several different places but he can have only one domicile. Domicile is a place a person intends to retain as a permanent residence and go back to ultimately after moving away. A change in residence for convenience in working conditions does not, without more, indicate a change in domicile. *Messick* v. *Southern Pennsylvania Bus Co.*, 59 F. Supp. 799; *Broadstone Realty Corporation* v. *Evans*, 213 F. Supp. 261; *Jardine* v. *Intehar*, 213 F. Supp. 598. The important factors in determining the domicile of a person who has more than one residence are the physical character of each, the time spent and the things done in each place, and whether or not there is an intention to return to the original domicile. *White* v. *Tennant*, 31 W.Va. 790, 8 S.E. 596; *First National Bank of Hinton* v. *Tate*, 116 W.Va. 138, 178 S.E. 807; *Mercadante* v. *City of Paterson*, 111 N.J. Super. 35, 266 A.2d 611. See *Tate* v. *Tate*, 149 W.Va. 591, 142 S.E.2d 751.

In the case of *Sutton* v. *Sutton*, 128 W.Va. 290, 36 S.E.2d 608, relied on by the appellee, many conflicting facts were involved. It is true that in that case the husband had a place to live in Wood County, West Virginia, paid taxes in that County and owned a cemetery lot there. However, the evidence showed that he lived a greater part of the time in a hotel in Florida and intended to remain there indefinitely and establish a domicile in Florida. It was stated in that case that physical presence, coupled with the intent to remain, is necessary to acquire a domicile and it is not material whether he lives in a house owned by him, a rented house or a hotel room; that in order to establish a domicile there must be a residence in a new locality and an intention to remain there. The question is one of residence and intention and both must occur in order to establish a domicile, and in order to establish a new domicile there must be an intention not to return but to make the new domicile his permanent home. In the case at bar the appellee stated that the reason he kept the telephone in his name in Wayne County where Mrs. Smith lived was that he intended to go back later to

Wayne County. The appellee only spent about six months in Putnam County leaving when a strike occurred at the John Amos Power Plant where he worked and returned to Wayne County where he married Mrs. Smith. Moreover, in the *Sutton* case the man lived a greater part of the time in Florida and he indicated that he did not intend to return permanently to Wood County but intended to remain indefinitely in Florida.

The fact that the appellee obtained a furnished room in Putnam County in order to be closer to his work, filed for a divorce in Putnam County soon after obtaining a furnished room and left after he had obtained the divorce and the strike occurred at the John Amos Power Plant, coupled with the fact that he had made Wayne County his home for several years, where he paid capitation taxes and kept a telephone listed in his name at the house rented by Mrs. Smith would clearly indicate that he only intended to live or stay in Putnam County temporarily and to retain his residence in Wayne County permanently.

It would appear from all of the facts in this case that the holding of the Circuit Court of Putnam County that the appellee was a resident of Putnam County for the purpose of obtaining a divorce and that venue would lie there was clearly wrong.

For the reasons stated herein, the motion to reverse the judgment of the Circuit Court of Putnam County is granted and the judgment is therefore reversed.

> *Motion to reverse granted;*
> *judgment reversed.*