

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 12, 1973

Honorable Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 E. Eleventh Street
Austin, Texas 78701

Opinion No. H-63

Re: The application of the
Texas laws governing
residence of minor
school-age children
for public school attend-
ance purposes.

Dear Dr. Edgar:

You have submitted several specific questions to us concerning the appropriate district for a minor to attend school. Generally attendance is governed by § 21.031(b) and (c) of the Texas Education Code:

"(b) Every child in this state over the age of six years and not over the age of 21 years on the first day of September of the year in which admission is sought shall be permitted to attend the public free schools of the district in which he resides or in which his parent, guardian, or the person having lawful control of him resides at the time he applies for admission notwithstanding the fact that he may have been enumerated in the scholastic census of a different district or may have attended school elsewhere for a part of the year.

"(c) The board of trustees of any public free school district of this state shall admit into the public free schools of the district free of tuition all persons over six and not over 21 years of age at the beginning of the scholastic year if such person or his parent, guardian or person having lawful control resides within the school district." (emphasis added).

p. 269

While "residence" may have various meanings for various purposes, and despite the fact that normally the residence of a minor is that of his parents [Gulf, C&S. F. Railway Co. v. Lemons, 206 S. W. 75 (Tex. 1918)], the term has received a particular interpretation for school purposes since 1905 when, in an opinion to the then State Superintendent of Public Instruction, the Attorney General said:

> "If the children have merely an ostensible and not a substantial residence in the district, if they were sent to Rockdale for the sole purpose, or even for the main purpose, of participating in the advantages of the public schools of Rockdale, they are not entitled to free tuition.

> "But if they were sent to reside in Rockdale in good faith in order to give them suitable homes, with the intention on the part of the father, and of the persons in whose care he placed them, that the children should reside there permanently; if the educational advantages of the residents in Rockdale were merely incidental to their going there, and other considerations induced the father, in good faith, to select that place as their home. I think the children are residents of Rockdale within the meaning of the school law, and entitled to free tuition there, notwithstanding that the domicile of the father is elsewhere. "

Referring to the foregoing language, this office in Attorney General Opinion No. O-586 (1939) added:

> "While we recognize that a minor child may acquire a bona fide residence separate and apart from its parents within the contemplation of our school laws, we do not think that such bona fide residence is established by the mere physical presence of the minor in another district for the purpose of attending school. School District No. 1,

> etc. v. School District (Sup. Ct. Mich. 1926),
> 211 N. W. 60; Yale v. West Middle School
> District, 59 Conn. 489, 13 L. R. A. 161; Anno.
> 26 L. R. A. 581."

These rulings have been followed in subsequent opinions of the Attorney General Nos. O-762 (1939); O-1384 (1939) and O-7176 (1946).

In the last cited opinion it was said, by way of illustration:

> "The question propounded by you involves a
> fact question. If the residence of the child in ques-
> tion has been established as a good faith substantial
> residence with her Aunt in District #2 it is our opi-
> nion that in such event the Aunt would be authorized
> to enumerate the child as a scholastic in District #2.
> However, if the residence of the child in District #2
> is merely an ostensible residence for the purpose of
> attending school there and not a good faith substantial
> residence, then in such event our ruling would be
> that the child should be enumerated by its parents in
> District #1."

Your precise questions to us are as follows:

> "(1) Mother and father have and reside at home
> in School District A, minor child is living in District
> B with grandmother or other relative to attend school
> in District B, but child spends weekends and summers
> in mother and father's home.

> "Is minor child a bona fide resident of School
> District B for school purposes?

> "(2) Mother and father are separated without
> legal proceedings being instituted. Mother, a resident
> in District A. Father, a resident in District B. The
> minor child is living at all time with mother in District
> A, and attends school in District A.

> "Is the minor child a bona fide resident of
> District A for school attendance purposes?

"(3) Mother-father are residents of District A. Minor child, legal disabilities not removed by court, lives in apartment in District B, attends school and works to support himself in District B. Visits on weekends in mother-father home.

"Is minor child a bona fide resident of District B for school attendance purposes?

"(4) Mother-father are residents of District A. A guardianship, pursuant to law, has been obtained on minor child by a relative, a bona fide resident in District B. Minor child attends school in District B and resides with relative guardian.

"Is minor child a bona fide resident of District B for school attendance purposes?

"(5) Mother-father have a residence (own home) in District A. Mother-father also have a residence (rented home) in District B. The family including minor child spend about equal time at the two residences. The minor child attends school in District B.

"Is minor child a bona fide resident of District B?

"(6) Same situation as in 5 except the residence in District A is rented, and the residence in District B is owned.

"Is minor child a bona fide resident of District B?

"(7) Mother-father are separated. No court order. Child living with relative for all purposes with consent of mother and father. Child attending school in District where relative resides.

"Is the minor child a bona f de resident of
the relative's district for school attendance purposes?

"(8) Same as 7 except mother-father not
separated.

"Is the minor child a bona fide resident of
the relative's district for school attendance purposes?"

Each of these presents a fact question as to the reason for the different residences, whether it is a bona fide residence as opposed to an "ostensible residence for the purpose of attending school." Each instance will have to be determined upon an examination of the detailed facts, which we do not have before us. In each instance the school official charged in the first place with responsibility for the decision will have to weigh all the facts and conclude that the residence is either bona fide or merely ostensible.

## SUMMARY

Residence of a minor for the purpose of
determining his eligibility for free public educa-
tion under § 21.031 of the Texas Education Code,
normally is that of his parents. Whether residence
elsewhere qualifies the minor will depend upon
whether the residence is bona fide or is merely
an ostensible residence for the purpose of attend-
ing a different school.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee