FEASTER v PORTAGE PUBLIC SCHOOLS

Docket No. 103255. Decided May 14, 1996. On application by the plaintiffs for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgments of the Court of Appeals and the circuit court and remanded the case to the circuit court for further proceedings.

Phillip M. Feaster, for himself, and as next friend of his nephew Deonte L. Carpenter, a minor, brought an action in the Kalamazoo Circuit Court against the Portage Public Schools, seeking a declaration that the district's residency policy that Mr. Feaster be established as the legal guardian of his nephew or the nephew's school enrollment would be discontinued was contrary to law and unconstitutional. The court, Philip D. Schaefer, J., granted summary disposition for the district. The Court of Appeals, NEFF, P.J., and MACKENZIE, J. (GRIFFIN, J., dissenting), affirmed (Docket No. 168752). The plaintiffs seek leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

The district's policy violates the provision of MCL 380.1148; MSA 15.41148 that if a child meets state-mandated requirements for residency, the child is to be admitted to school in a district.

Residency for educational purposes is not the equivalent of legal domicile, and school laws are to be construed liberally, consistent with the public policy of encouraging free public education. The School Code does not require the appointment of a legal guardian as a condition of educational residency; rather, it defines educational residency as court-ordered placement or placement by a parent or guardian in a licensed home or the home of a relative. Statutory residency requirements may not be rewritten for the purpose of expediency. The effect of policy 5118 is to impose restrictions not mandated by the School Code in the absence of any authority to do so.

Reversed and remanded.

210 Mich App 643; 534 NW2d 242 (1995) reversed.

*Richard Kupferschmidt*, Legal Aid Bureau of Southwestern Michigan, Inc., for the plaintiff.

*Miller, Johnson, Snell & Cummiskey, P.L.C.* (by *Nancy S. Rubino* and *John G. Manske*), for the defendant.

Amicus Curiae:

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Paul J. Zimmer*, Assistant Attorney General, for the State Board of Education and the Attorney General.

PER CURIAM. The defendant school district refused to continue the enrollment of a young man living with his uncle, within the boundaries of the district. The district took the position that the student was not a resident of the district. An action was filed on behalf of the student, but the circuit court granted summary disposition in favor of the school district. The Court of Appeals affirmed. We reverse the judgments of the Court of Appeals and the circuit court, and remand this case to the circuit court for further proceedings consistent with this opinion.

I

This case concerns a South Carolina resident named Angella Carpenter, her son Deonte Carpenter (born March 6, 1979),[1] and Ms. Carpenter's brother, Phillip M. Feaster, who lives in Portage, Michigan.

On January 6, 1993, Ms. Carpenter executed a "power of attorney" so that Deonte could live with Mr. Feaster in Portage. The power of attorney provided:

---

[1] Deonte Carpenter's name is spelled inconsistently in the record. Like the Court of Appeals, we are using the spelling supplied by his mother.

My name is Angella Carpenter. I reside [in] Sumter South Carolina. I am the mother of Deonte Carpenter (Born 3-6-79). By signing this Power of Attorney, I am delegating all of my powers regarding the care custody and property of my son, Deonte Carpenter, to my Brother, Phillip Feaster, of . . . Portage, Michigan. I am delegating these powers to Phillip Feaster so that I can secure a suitable home for my son. I understand that the powers I have delegated do not include the power to consent to marriage or the power to consent to adoption.

This Power of Attorney is executed pursuant to authority in the Michigan Probate Code located at MCLA 700.405; MSA 27[].5405. It is intended to be effective when signed, and shall remain in effect, unless terminated by me, for a period of time not to exceed six (6) months.

Mr. Feaster then enrolled Deonte in the Portage Public Schools pursuant to MCL 380.1148; MSA 15.41148, which provides:

Except as provided in [MCL 380.1711; MSA 15.41711], a child placed under the order or direction of a court or child placing agency in a licensed home, or a child whose parents or legal guardians are unable to provide a home for the child and who is placed in a licensed home or in a home of relatives in the school district for the purpose of securing a suitable home for the child and not for an educational purpose, shall be considered a resident for education purposes of the school district where the home in which the child is living is located. The child shall be admitted to the school in the district.

Despite the terms of the statute, which provide that "[t]he child shall be admitted to the school in the district" when placed with relatives for the purpose of securing a more suitable home, the Portage school district's residency requirement (policy 5118) mandates that a guardianship be established to guarantee continuing eligibility for enrollment. District policy

5118(4) provided that a student was eligible for residency under these circumstances:

> The student resides with individuals who have legal guardianship as determined by a court of competent jurisdiction. This guardianship must be established for the purpose of providing the student a suitable home and not for an educational purpose.
>
> A student may be initially enrolled pursuant to a valid power of attorney designating a relative of the student as the individual responsible for providing the student with a suitable home. However, the District does not recognize a power of attorney as giving a student permanent residence in the District, and the Individual presenting such power of attorney shall be notified that a reasonable period of time will be given to establish the aforementioned legal guardianship.

In light of its policy, the district wrote to Mr. Feaster on January 11 and March 11, 1993, indicating that Deonte "will be dropped from school" if guardianship proceedings were not soon under way. Mr. Feaster chose to rely on the power of attorney, and the district took the threatened step later in March 1993.[2]

Mr. Feaster then filed a complaint for declaratory and injunctive relief in circuit court.[3] In the complaint, Mr. Feaster alleged that policy 5118(4) was contrary to law and was unconstitutional.

The school district filed a motion for summary disposition, which the circuit court granted.

---

[2] We are told that, by agreement of the parties, Deonte was permitted to finish the 1992-1993 school year in the Portage Public Schools.

[3] Mr. Feaster sued in his own name, and on behalf of Deonte.

The Court of Appeals affirmed the judgment of the circuit court. 210 Mich App 643; 534 NW2d 242 (1995). Judge GRIFFIN dissented.

Mr. Feaster has applied to this Court for leave to appeal.[4]

II

In the Court of Appeals, the majority rejected Mr. Feaster's claim that district policy 5118(4) is inconsistent with MCL 380.1148; MSA 15.41148. The majority stated:

> We disagree. School boards, and thus the districts they represent, have the power to make reasonable regulations for the operation of the public schools within the district. MCL 380.1300; MSA 15.41300; *Durant v State Bd of Ed*, 424 Mich 364, 386; 381 NW2d 662 (1985). MCL 380.1148; MSA 15.41148 provides that a student is a resident if the student is living with a relative for the purposes of securing a suitable home, but not for educational purposes. The statute, however, does not direct how each district is to determine whether a student is living with a relative for the proper purpose. Thus, the statute leaves that determination to the various districts.
>
> Because defendant's policy no. 5118(4) is merely an attempt by defendant to determine students' residency pursuant to MCL 380.1148; MSA 15.41148, we find that the trial court properly found defendant to have acted within its statutory grant of powers in promulgating this policy. See *Snyder v Charlotte Public School Dist*, 421 Mich 517, 528-529; 365 NW2d 151 (1984). [210 Mich App 649.]

The remainder of the majority opinion was devoted to an explanation of its conclusion that policy 5118(4) was not unconstitutional.

---

[4] In addition, the State Board of Education and the Attorney General moved for leave to appear as amici curiae. We grant the motion.

Writing in dissent, Judge GRIFFIN found it unneces-
sary to reach the constitutional questions. Rather, he
concluded that the policy violated MCL 380.1148;
MSA 15.41148.    After quoting the statute, Judge
GRIFFIN continued:

> The above statutory provision clearly provides that, if a
> child meets the state-mandated requirements for residency,
> the child "*shall* be considered a resident for education pur-
> poses of the school district" and "*shall* be admitted to the
> school in the district."
>
> It is well established that residency for educational pur-
> poses is not the equivalent of legal domicile. *School Dist No
> 1, Fractional, of the Twp of Mancelona v School Dist No 1
> of Twp of Custer*, 236 Mich 677, 681-682; 211 NW 60 (1926).
> Further, as stated by the Supreme Court in *School Dist No
> 1*, our school laws are to be liberally construed consistent
> with Michigan's public policy of encouraging free public
> education:
>
> "The State endeavors to foster and encourage education.
> It wants every child within its limits to have equal opportu-
> nity with other children in the free privileges of the public
> schools. And while the theory of the school law is that a
> child is restricted to these free privileges to the district in
> which [the child] resides, it is not intended that [the child]
> must acquire a residence in that district in the technical
> sense of the term. In recognition of this policy of the State,
> and the necessities of children for a free education, the
> courts construe the school laws liberally and distinguish
> residence from domicile in its technical sense."
>
>                        *         *         *
>
> The School Code does not require the appointment of a
> legal guardian as a condition of educational residency. On
> the contrary, the statute defines educational residency as
> court-ordered placement *or* placement by the parent or
> guardian in a licensed home or the home of a relative. The
> district's rule, in effect, rewrites the statute by deleting the
> later statutory definition of educational residency, which

includes "a child placed . . . *in a home of relatives* in the school district for the purpose of securing a suitable home for the child and not for an educational purpose." While the school district would prefer not to make a factual determination regarding the purpose of the placement of a child in the home of a relative, the statutory requirements of educational residency may not be rewritten for the purpose of expediency.

\* \* \*

The School Code, which is to be liberally construed consistent with the public policy of fostering and encouraging free public education, is seriously undermined by defendant's restrictive residency rules. [210 Mich App 657, 659-660, quoting *School Dist No 1*, 236 Mich 681-682 (emphasis in original).]

We agree with this portion of Judge GRIFFIN's dissent, and we adopt the analysis as our own. We acknowledge the school district's defense of policy 5118 as merely a verification mechanism intended to ensure conformance to the residency requirements of the School Code. However, the actual effect of policy 5118 is to impose restrictions not mandated by the School Code in the absence of any authority to do so. Therefore, policy 5118 is invalid and cannot be enforced.

For these reasons, we reverse the judgments of the Court of Appeals and the circuit court, and we remand this case to the circuit court for further proceedings consistent with this opinion. MCR 7.302(F)(1).

BRICKLEY, C.J., and LEVIN, CAVANAGH, BOYLE, RILEY, MALLETT, and WEAVER, JJ., concurred.