522 S.E.2d 644

**Ronald Louis PREDMORE, Plaintiff Below, Appellant,**

v.

**Kim Marie PREDMORE, Defendant Below, Appellee.**

**No. 26011.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 1999.

Decided Oct. 13, 1999.

Susan D. Simmons, Simmons & Simmons, Elizabeth, West Virginia, Attorney for Appellant.

James W. Keenan, Keenan & Ooten, Fayetteville, West Virginia, Attorney for Appellee.

PER CURIAM:

This is an appeal from the Circuit Court of Calhoun County. The circuit court dismissed a divorce complaint based on the ground of lack of jurisdiction. Before this Court, Mr. Ronald L. Predmore, plaintiff below/appellant (hereinafter referred to as "Mr. Predmore"), contends that the Circuit Court of Calhoun County had jurisdiction over the proceeding. Based upon the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we affirm the decision of the Circuit Court of Calhoun County.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Mr. Ronald L. Predmore and Mrs. Kim M. Predmore, defendant below/appellee (hereinafter referred to as "Mrs. Predmore"), were married on September 4, 1993, in Deerpark, New York.[1] Mr. and Mrs. Predmore had two children born out of wedlock.[2] After their marriage, the couple left New York.[3] Mr. Predmore testified at the hearing that the

---

**1.** Mrs. Predmore did not file a brief in this appeal.

**2.** The first child, R.M.P., was born on November 3, 1989. The second child, J.R.P., was born on June 15, 1992.

**3.** Mr. Predmore was originally from West Virginia. The record contains no reference as to Mrs. Predmore's original residence.

couple lived in Jackson County, West Virginia from July, 1996 to July, 1997. When the couple left Jackson County they relocated to Mr. Predmore's mother's home in Calhoun County. Thereafter, the couple moved to Virginia leaving their children in Calhoun County.

While living in Virginia, Mrs. Predmore obtained a domestic violence Order of Protection against Mr. Predmore. At some point, Mrs. Predmore left Mr. Predmore in Virginia. She returned to Calhoun County and retrieved her children. She then left for New York.[4] Mr. Predmore returned to Calhoun County.

On December 10, 1997, Mr. Predmore filed the instant divorce complaint in Calhoun County. In his complaint, Mr. Predmore alleged that the couple resided in Calhoun County prior to their separation. Mrs. Predmore filed a pro se answer from New York. In the answer Mrs. Predmore contested having lived in Calhoun County. She stated: "The residency in question to my knowledge, we resided at 34 Robin Lane, Ripley, W.V., at the Jackson County Housing. Not where the Plaintiff stated."

The family law master conducted a hearing on the issue of jurisdiction in the Circuit Court of Calhoun County. Mrs. Predmore did not attend the hearing. Instead, her counsel was present and challenged jurisdiction. At the conclusion of the hearing the family law master ruled that jurisdiction was not established in Calhoun County.[5] The circuit court adopted the family law master's recommendation and dismissed the divorce complaint for lack of jurisdiction.

## II.

### STANDARD OF REVIEW

■ This Court has held that in reviewing "challenges to findings made by a family law master that also were adopted by a circuit court, a three-pronged standard of review is applied." Syl. pt. 1, in part, *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995). "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

## III.

### DISCUSSION

Mr. Predmore claims the circuit court's determination that jurisdiction was not established in Calhoun County was erroneous. The jurisdictional statute for divorce proceedings is contained in W. Va.Code § 48–2–8 (1999):

The action for annulling or affirming a marriage, or for divorce, shall, if the defendant be a resident of this State be brought in the county in which the parties last cohabited, or, at the option of the plaintiff, in the county in which the defendant resides; but if the defendant be not a resident of this State, the action shall be brought either in the county in which the plaintiff resides, or in the county in which the parties last cohabited. In the case of an action to annul a marriage performed in this State, where neither party is a resident of the State, the action shall be brought in the county where the marriage was performed.

■ This Court has held that: "A [person] may live in several different places but he [or she] can have only one domicile. Domicile is a place a person intends to retain as a permanent residence and go back to ultimately after moving away." Syl. pt. 2, *Shaw v. Shaw*, 155 W.Va. 712, 187 S.E.2d 124 (1972). Syllabus point 3 of *Shaw* states "[a] change in residence for convenience in working conditions does not, without more, indicate a change in domicile." Syllabus point 4 of *Shaw* states "[t]he important facts in determining the domicile of a person who has more than one residence are the physical character of each, the time spent and the things done in each place, and whether or not

---

4. Mrs. Predmore was accompanied to New York by her paramour.

5. The family law master's written order was not contained in the record.

there is an intention to return to the original domicile."

 At the hearing before the family law master, Mr. Predmore testified that during the last four years he lived in Calhoun County, but that it was not continuous. Mr. Predmore further testified to specifically living in Jackson County from July of 1996 to July of 1997. He testified that while residing in Jackson County, he and Mrs. Predmore received mail in Calhoun County at his mother's home. There was some testimony that the couple had lived in Calhoun County for two days before leaving their children with Mr. Predmore's mother and moving to Virginia.[6] The circuit court determined that the evidence presented did not comply with the jurisdictional requirements of W. Va.Code § 48–2–8:

> Plaintiff and Defendant never cohabited in Calhoun County, West Virginia, under the meaning of this statute. Clearly, the Defendant never intended to remain a resident of Chloe, or she would not have moved, posthaste, to New York. The plaintiff has never established Chloe [as] his domicile either. There simply has been no action on the part of the Plaintiff which would indicate his intent to remain in Calhoun County. His infrequent trips to Calhoun County do not demonstrate to this Court that he has intended to make Chloe his domicile.

In addition to arguing that his evidence did establish jurisdiction, Mr. Predmore contends that the only evidence to contradict his proffer, was the non-evidentiary hearsay statements by Mrs. Predmore's counsel. This argument suggests that Mrs. Predmore presented no evidence to contradict Mr. Predmore's testimony. Therefore,

jurisdiction was established by Mr. Predmore's testimonial evidence. There are two problems with Mr. Predmore's argument. First, the circuit court did have evidence submitted by Mrs. Predmore. That evidence consisted of her pro se answer denying that the parties lived in Calhoun County and her assertion that their last domicile in West Virginia was in Jackson County. Second, assuming that Mrs. Predmore submitted no evidence, Mr. Predmore is required to present some evidence to establish jurisdiction within the Circuit Court of Calhoun County. The evidence proffered by Mr. Predmore was insufficient for the circuit court to establish jurisdiction in Calhoun County.[7] In view of the evidence in the record, we are unable to conclude that the circuit court's factual determination was clearly erroneous and that its legal conclusion was an abuse of discretion.

## IV.

### CONCLUSION

The circuit court correctly dismissed the complaint for divorce based upon its lack of jurisdiction. Therefore, the decision of the Circuit Court of Calhoun County is affirmed.

Affirmed.

Judge RISOVICH, sitting by temporary assignment.

---

6. In his brief, Mr. Predmore asserts that during the four month period that he lived in Virginia he often returned to Calhoun County "to work on the family farm[.]" However, no such testimony was presented during the hearing before the family law master.

7. The record establishes that both parties acknowledged residing in Jackson County, West Virginia.