**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**May 15, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Jean Shannon Lane, Alec J. Cable,**
**And Noah D. Cable,**
**Petitioners, Respondents below,**

**vs.) No. 22-0146** (Kanawha County 18-C-424)

**Rossana Cable,**
**Respondent, Respondent below.**

**MEMORANDUM DECISION**

The Petitioners, Jean Shannon Lane, Alec J. Cable, and Noah D. Cable, appeal the final order of the Circuit Court of Kanawha County entered January 21, 2021, granting the Respondent, Rossana Cable, summary judgment and finding that administration of the estate of decedent Scott M. Cable (Mr. Cable) is not proper in West Virginia and that such administration is proper in California.[1]

After considering the parties' written and oral arguments, as well as the record on appeal and the applicable legal authorities, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By a last will and testament signed by Mr. Cable on December 16, 2011, Mr. Cable left all his property to his wife, Rossana Cable (Ms. Cable), who was also named in the will as executor of Mr. Cable's estate. Mr. Cable died in Mexico on June 21, 2017, as the result injuries sustained in an automobile accident that had occurred in that country in late 2015.

On September 18, 2017, Julia Barnhart-Cable (Ms. Barnhart-Cable), a former wife of Mr. Cable, filed for probate of Mr. Cable's estate in Kanawha County, West Virginia. Ms. Barnhart-Cable represented to the Kanawha County Commission that Mr. Cable died intestate as a resident of Mexico. The Kanawha County Commission admitted the estate to probate on September 28, 2017.

---

[1]J. Mark Adkins, Esquire, represents the Petitioners and Mark W. Kelley, Esquire and John J. Brewster, Esquire, represent the Respondent.

Subsequently, in the Golden State, Ms. Cable asked the Superior Court of Riverside County, California, on October 5, 2017, to admit Mr. Cable's will to probate. The Superior Court granted Ms. Cable's request on November 17, 2017. In granting Ms. Cable's request, the Superior Court found that Mr. Cable died a resident of California and further appointed Ms. Cable as executor of his estate.[2]

On March 26, 2018, Ms. Barnhart-Cable filed a "Petition for Declaratory Judgment and Associated Relief" in the Circuit Court of Kanawha County requesting a declaration that Mr. Cable was a resident of Kanawha County when he died and seeking to have Mr. Cable's estate probated in that county. Among others named as Respondents in the Petition were the Petitioners herein: Ms. Lane, another ex-wife of Mr. Cable who had filed a claim against Mr. Cable's estate before the Kanawha County Commission, and Alec J. Cable and Noah D. Cable, both sons of Mr. Cable.

After discovery, Ms. Cable filed a summary judgment motion and an accompanying memorandum of law asserting that the Kanawha County Commission lacked jurisdiction to probate Mr. Cable's estate because the terms of West Virginia Code § 41-5-4 (1923) (which defines the jurisdiction of a county commission sitting to probate wills) were not satisfied. The only parties filing a response were the Petitioners herein.[3] A hearing on the summary judgment motion was held on October 14, 2021. At the end of that hearing, the circuit court granted summary judgment to Ms. Cable. The circuit court entered a written order on January 21, 2022, memorializing its bench ruling. It is from this order that the Petitioners herein now appeal.[4]

---

[2]The California court has stayed litigation in that state pending the outcome of the proceeding currently pending in West Virginia.

[3]During oral argument in the circuit court, Ms. Barnhart-Cable's counsel stated that Ms. Barnhart-Cable's position on whether summary judgment was appropriate was generally the same as that argued in Ms. Lane's response.

[4]The posturing of the parties in this appeal is somewhat confusing since Ms. Cable and the Petitioners herein were all respondents in the declaratory judgment proceeding in the circuit court. It became clear during the circuit court proceedings that the Petitioners' position aligned with that of Ms. Barnhart-Cable and not Ms. Cable. *See supra* n.3. We point out that West Virginia Rule of Civil Procedure 21 authorizes circuit courts to realign parties according to their true interests. Louis J. Palmer, Jr. and Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure* 610 (5th ed. 2017); *see also In-Tech Mktg. Inc. v. Hasbro, Inc.*, 685 F. Supp. 436, 442 n.19 (D.N.J. 1988) (emphasis deleted) ("[S]hould facts be presented to [a] [trial] court which suggest some reason for change, Rule 21 permits [a] [trial] [c]ourt, *sua sponte* to re-align any party at any time.").

Our standard of review in an appeal where the circuit court has granted summary judgment is *de novo*. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). "In undertaking a *de novo* review, we apply the same standard for granting summary judgment that is applied by the circuit court." *Horizon Ventures of W. Va. Inc. v. Am. Bituminous Power Partners, L.P.*, 245 W. Va. 1, 6, 857 S.E.2d 33, 38 (2021).

We have recognized that "[s]ummary judgment is appropriate where 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Chafin v. Gibson*, 213 W. Va. 167, 171, 578 S.E.2d 361, 365 (2003) (per curiam) (quoting W. Va. R. Civ. P. 56(c)). Once a moving party has made a properly supported motion for summary judgment, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." W. Va. R. Civ. P. 56(e). "[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 252, 254 (1986)). "[W]hile the underlying facts and all inferences are viewed in the light most favorable to the nonmoving party, the nonmoving party must nonetheless offer some '"concrete evidence from which a reasonable . . . [finder of fact] could return a verdict in . . . [its] favor"' or other '"significant probative evidence tending to support the complaint."'" *Painter*, 192 W. Va. at 193, 451 S.E.2d at 759 (citations omitted). "[I]n making a ruling, 'the judge must view the evidence presented through the prism of the substantive evidentiary burden.'" *Williams*, 194 W. Va. at 62, 459 S.E.2d at 339 (quoting *Anderson*, 477 U.S. at 254). We turn to examining whether that burden was satisfied.

West Virginia Code § 41-5-4 grants jurisdiction to county commissions to probate wills. Under West Virginia Code § 41-5-4:

> The county court shall have jurisdiction of the probate of wills according to the following rules:
>
> (a) In the county wherein the testator, at the time of his death, had a mansion house or known place of residence; or
>
> (b) If he had no such house or place of residence, then in the county wherein any real estate devised thereby is situated; or

---

Such a power to realign parties also exists by virtue of a trial court's inherent authority to manage and conduct trials. *Branham v. Ford Motor Co.*, 701 S.E.2d 5, 26 (S.C. 2010).

(c) If there be no real estate devised thereby, and the testator had no such house or place of residence, then in the county wherein he died, or in any county wherein he had any property at the time of his death; or

(d) If he died out of this State, his will or an authenticated copy thereof, may be admitted to probate in any county in this State, wherein there is property devised or bequeathed thereby.

West Virginia Code § 44-1-4(a) (2019) grants county commissions jurisdiction to probate intestate estates as if they were testate estates.

The parties (as did the circuit court below) analyze this case under West Virginia Code § 41-5-4(a). We begin by observing that West Virginia Code § 41-5-4(a) employs the term "residence." "[I]n probate matters the term 'residence' is commonly interpreted as signifying 'domicile[.]'" *Kemp v. Kemp*, 16 N.Y.S.2d 26, 34 (Dom. Rel. Ct. 1939). Like a number of other courts, this Court too "has used the terms 'residence' and 'domicile' interchangeably in the probate . . . context[]." *White v. Manchin*, 173 W. Va. 526, 538, 318 S.E.2d 470, 482 (1984); *State ex rel. Linger v. Cnty. Ct. of Upshur Cnty.*, 150 W. Va. 207, 228, 144 S.E.2d 689, 703 (1965) (citing *White v. Tennant*, 31 W. Va. 790, 8 S.E. 596 (1888)) ("Though there are instances in which residence and domicile have different meanings, this Court has indicated . . . in a case involving the settlement and distribution of the personal estate of a decedent, that domicile and residence are regarded as synonymous."); *see, e.g., Bowring v. Bowers*, 24 F.2d 918, 921 (2d Cir. 1928); *Krakow v. Dep't of Pub. Welfare*, 95 N.E.2d 184, 185-86 (Mass. 1950); *State ex rel. Brisbin v. Frater*, 95 P.2d 27, 28 (Wash. 1939); *In re Davis' Estate*, 43 P.2d 115, 116 (Okla. 1935); *In re Daggett's Will*, 174 N.E. 641, 642 (N.Y. 1931); *Sch. Dist. No. 1 Fractional of Mancelona Twp. v. Sch. Dist. No. 1 of Custer Twp.*, 211 N.W. 60, 62 (Mich. 1926); *Allgood v. Williams*, 8 So. 722, 722–23 (Ala. 1891). Thus, when West Virginia Code § 41-5-4(a) uses the term "residence," we understand residence to mean domicile.

The Petitioners herein assert that there exists a genuine issue of material fact as to Mr. Cable's domicile when he died. Ms. Cable responds that there is no genuine question that Mr. Cable was not domiciled in West Virginia upon his passing. We agree with Ms. Cable and, therefore, conclude that the circuit court did not err in granting summary judgment to her.

"Domicile is a place a person intends to retain as a permanent residence and go back to ultimately after moving away." Syl. Pt. 2, in part, *Shaw v. Shaw*, 155 W. Va. 712, 187 S.E.2d 124 (1972). We have explained that "[d]omicile is a combination of residence (or presence) and an intention of remaining. If domicile has once existed, mere temporary absence will not destroy it, however long continued." Syl. Pt. 2, *Lotz v. Atamaniuk*, 172 W. Va. 116, 304 S.E.2d 20 (1983). Nevertheless, there exists a rebuttable presumption that one's residence is his or her domicile. Syl. Pt. 3, *First Nat. Bank v. Tate*, 116 W. Va. 138,

4

178 S.E. 807 (1935) ("Domicile is presumed to follow residence."); *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary.").

In the instant case, the following facts are undisputed. Mr. and Ms. Cable left West Virginia in the spring of 2015. After that departure, Mr. Cable had no real property in West Virginia. Mr. and Ms. Cable then physically lived in California. Mr. Cable secured a California mailing address and obtained a California State identification card.[5] Mr. Cable also changed his business address from West Virginia to California. In early 2016, Mr. Cable e-mailed the Circuit Clerk of Pocahontas County that "I now have my own address in Chula Vista, CA[.]" Moreover, on April 17, 2017, Mr. Cable filed a "California Resident Income Tax Return" for Tax Year 2016.

The Petitioners herein counter that there is evidence supporting a finding that West Virginia was Mr. Cable's domicile when he died. We have thoroughly reviewed that evidence. The evidence the Petitioners herein point to predominantly relates to documents predating (or documents relating to documents predating) Mr. Cable's 2015 move from West Virginia to California. Considering the evidence as a whole, the evidence of the Petitioners herein at best rises only to the level of a "mere scintilla," which simply is not enough for them to defeat summary judgment. The circuit court did not err in granting summary judgment concluding probate of Mr. Cable's will was inappropriate in West Virginia.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[5] A California state identification card may only be issued to a California resident. Cal. Veh. Code § 12801.5(c) (West 2016).