345 S.E.2d 826

**Mildred Sue HAWKINBERRY**

v.

**Frank MAXWELL, Judge.**

**No. 17166.**

Supreme Court of Appeals of West Virginia.

June 27, 1986.

---

**4.** These provisions are found in note 2, *supra.*

Mildred Sue Hawkinberry, pro se.

PER CURIAM:

Mildred Sue Hawkinberry invokes the original jurisdiction of this Court, seeking a writ of mandamus to compel the Honorable Frank Maxwell, Judge of the Circuit Court of Harrison County, to recognize her right to prosecute a divorce action without the assistance of counsel. On May 20, 1986, we granted a rule directing the respondent judge to show cause why a writ of mandamus should not be awarded. The respondent has not filed a response as required by Rule 14(c) of the Rules of Appellate Procedure. Therefore, the material allegations of Ms. Hawkinberry's verified petition are taken as true. *See* syl. pt. 2, *Benson v. Robertson,* 159 W.Va. 674, 226 S.E.2d 447 (1976) (decided under former Rule XVIII of the Rules of Appellate Procedure).

By verified complaint filed in the Circuit Court of Harrison County the petitioner sought a divorce from her husband on the ground of irreconcilable differences. The complaint alleged that the parties were married in the State of Texas on August 5, 1967, and that the couple had last cohabited in Harrison County, West Virginia. They had no children.

The petitioner's husband, Danny Leon Hawkinberry, a non-resident, was served by certified mail and by order of publication. *See* Rule 4(e)(1), *W.Va.R.Civ.P.* Also acting *pro se*, he filed a verified answer, admitting all the allegations, and he expressly admitted the existence of irreconcilable differences between the parties.

The petitioner avers that the respondent judge subsequently informed her that he would not grant a divorce unless the petitioner hired a lawyer. She further avers that she desires to act *pro se* in the divorce action. She contends that the respondent judge has denied her the right to represent herself.

Syllabus points 1 and 2 of *Blair v. Maynard,* 174 W.Va. 247, 324 S.E.2d 391 (1984) provide:

1. Under West Virginia Constitution art. III, § 17, the right of self-representation in civil proceedings is a fundamental right which cannot be arbitrarily or unreasonably denied.

2. The fundamental right of self-representation recognized in West Virginia Constitution art. III, § 17 may not be

denied without a clear showing in the record that the *pro se* litigant is engaging in a course of conduct which demonstrates a clear intention to obstruct the administration of justice.

■ No reason has been offered by the respondent justifying his denial of the petitioner's fundamental right to represent herself. Further, *W. Va. Code*, 48–2–4(a)(10) [1981], which provides for a divorce on the ground of irreconcilable differences, contains no requirement that the plaintiff be represented by counsel.*

Finally, there is no indication that the petitioner has an intention to obstruct justice or disrupt the orderly process of the court. She seeks a divorce on grounds which our domestic relations law deems sufficient. *W. Va. Code*, 48–2–4(a)(10) [1981] provides in pertinent part:

If one party to a marriage shall file a verified complaint, for divorce, against the other, alleging that irreconcilable differences have arisen between the parties . . . and if the other party shall file a verified answer to the complaint and admit or aver that irreconcilable differences exist between the parties, the court *shall* grant a divorce . . . (emphasis added)

For the foregoing reasons, we grant a writ of mandamus directing the respondent judge to permit the petitioner to proceed, *pro se*, in the prosecution of her divorce action.

Writ granted.

---

* *W. Va. Code*, 48–2–4(a)(10) expressly permits a defendant in an irreconcilable differences divorce action to answer the complaint with or without an attorney. *W. Va. Code*, 48–2–4a [1981], contains a suggested form answer for use by defendants in divorce actions where irreconcilable differences are alleged.