712 So.2d 1161 (1998)
Everett HONEGGER, Appellant,
v.
COASTAL FERTILIZER & SUPPLY, INC., Manna Gro Farms, a Florida corporation, Cecil J. Grainger, and Lee E. Baker, Appellees.
No. 97-02287.
District Court of Appeal of Florida, Second District.
June 12, 1998.
D. Robert Hoyle of Conley & Clearly, Bradenton, for Appellant.
No appearance for Appellees.
THREADGILL, Acting Chief Judge.
Everett Honegger, a defendant in an action to recover amounts due on a guaranty, appeals a nonfinal order denying his motion to quash service of process by publication. Because service of process by publication confers only in rem or quasi in rem jurisdiction, it was ineffective in this in personam action. We reverse.
The amended complaint alleges that the plaintiff, Coastal Fertilizer & Supply, Inc., sold fertilizer to Manna Gro Farms on an ongoing basis on open account. Mr. Honegger executed and delivered to Coastal a guaranty of payment for all indebtedness due and owing from Manna Gro to Coastal. The amended complaint alleges that Manna Gro failed to pay the amounts due and owing to Coastal. It seeks a judgment for money damages against Mr. Honegger on the guaranty.
Coastal retained the services of a licensed process server in Anchorage, Alaska to attempt personal service of process on Mr. Honegger. Coastal had only a mailing address for Mr. Honegger in Anchorage. The process server was unable to locate him. Thereafter, Coastal filed a sworn statement for constructive service as required by section 49.031, Florida Statutes (1995), and the Naples Daily News published a notice of action. Mr. Honegger, through his attorneys on special limited appearance, filed a motion to quash service of process by publication. *1162 After a hearing, the trial court denied the motion, finding that there had been a purposeful avoidance of service of process and that constructive service was sufficient in this case.
Mr. Honegger argues that constructive service, or service by publication, was insufficient to confer jurisdiction. A personal money judgment necessitates in personam jurisdiction over the defendant. See Zieman v. Cosio, 578 So.2d 332 (Fla. 3d DCA 1991). Constructive service confers only in rem or quasi in rem jurisdiction upon the court. See Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225 (Fla. 1986); Estate of Bobinger v. Deltona Corp., 563 So.2d 739 (Fla. 2d DCA 1990). A personal judgment against a defendant based on constructive service would deprive a defendant of his property without due process of law. See Bedford, 484 So.2d at 1226. Since the amended complaint in this case seeks a judgment for damages against Mr. Honegger, in personam jurisdiction over him was needed, and service of process by publication was insufficient. We therefore reverse the order denying the motion to quash service of process.
Reversed.
PATTERSON and GREEN, JJ., concur.