687 S.E.2d 109

**LESLIE EQUIPMENT COMPANY,**
A West Virginia Corporation,
Plaintiff Below, Appellee

v.

**WOOD RESOURCES COMPANY, L.L.C.,**
Christopher Todd Zach, Individually and
d/b/a Wood Resources Company, L.L.C.,
Ramona C. Goeke, Individually and d/b/a
Wood Resources Company, L.L.C., and
Wendell L. Koprek, Individually and
d/b/a Wood Resources Company, L.L.C.,
Defendants Below,

**Christopher Todd Zach and Ramona
C. Goeke, Appellants.**

No. 34712.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 9, 2009.

Decided Oct. 30, 2009.

P. Todd Phillips, Morgantown, WV, for Appellants.

David H. Wilmoth, Elkins, WV, for Appellee.

McHUGH, Justice:

Appellants Christopher Todd Zach and Ramona C. Goeke appeal from the May 27, 2008, order of the Circuit Court of Wirt County denying their motion to set aside a default judgment previously entered against

them.[1] As grounds for both the motion to set aside and the appeal, Appellants argue that the default judgment is a void order based on the absence of *in personam* jurisdiction. Appellee Leslie Equipment Company contends that the trial court did have personal jurisdiction over the nonresident Appellants based on the constructive service provisions of the West Virginia Rules of Civil Procedure.[2] After a careful review of the applicable law and rules governing this issue, we conclude that the trial court committed error in refusing to set aside the default judgment for lack of *in personam* jurisdiction.

## I. Factual and Procedural Background

On October 18, 2007, Leslie Equipment filed a complaint in the Circuit Court of Wirt County against Wood Resources Company, L.L.C., and Appellants,[3] as officers of the company. Through the lawsuit, Leslie Equipment sought to recover an alleged debt arising from Wood Resources' purchase of goods and services on credit.[4] To serve process on Appellants, Leslie Equipment looked to Rule 4(e)(2) of the West Virginia Rules of Civil Procedure, which authorizes the use of constructive service on nonresident defendants by means of certified mail [5] in certain instances.

When Appellants did not file a responsive pleading following notification of the lawsuit, Leslie Equipment moved for a default judgment on or about January 25, 2008. The trial court granted Leslie Equipment's motion for a default judgment by order entered on February 1, 2008, finding Appellants jointly and severally liable for the amount of $22, 459.70.[6]

When he attempted to schedule a hearing on a motion to dismiss the complaint for lack of *in personam* jurisdiction,[7] Appellants' counsel discovered that a default judgment had been entered against his clients. After obtaining a copy of the default judgment by means of facsimile, Appellants' counsel filed a motion to set aside the default judgment and dismiss the action on grounds that the judgment was void for lack of personal jurisdiction.[8] Following a hearing on this motion on May 12, 2008, the trial court denied the relief sought by Appellants. Through its order of May 27, 2008, the trial court ruled that: (1) Appellants had actual notice of the pendency of the legal action that resulted in the entry of a default judgment against them; (2) the manner in which service of process was effected under Rule 4(e)(2) is similarly authorized by West Virginia Code § 56-3-33 (2005); (3) the rules of civil procedure control where there is a conflict with statutory law; and (4) Appellants have failed to show good cause or excusable neglect entitling them to set aside the default judgment. Through this appeal, Appellants seek to reverse the trial court's decision that the default judgment entered against them is a valid and enforceable judgment.

## II. Standard of Review

█ We review a decision by a trial court to award a default judgment pursuant to an abuse of discretion standard. *See* Syl. Pt. 5, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974). Where, however, "the issue on appeal from the circuit court is clearly a question of law ..., we apply a *de novo* standard of review." Syl. Pt. 1, in part,

1. The default judgment at issue was entered by the trial court on February 1, 2008.

2. *See* W.Va.R.Civ.P. 4(e)(2).

3. Also named as a defendant in the suit was Wendell L. Koprek, the president of Wood Resources.

4. Wood Resources is a foreign limited company not authorized to do business in this state.

5. The record in this matter includes return receipt cards reflecting Mr. Zach's acceptance of the complaint and summons on October 22, 2007, at his New Mexico residence. Seven days later, Mr. Zach accepted delivery at his residence

for service of legal process intended for Ms. Goeke at her Iowa residence.

6. By order entered in March 2008, Leslie Equipment obtained a summary judgment ruling against Wendell Koprek in connection with this same debt obligation. *See supra* note 3.

7. This contact with the trial court was made on March 17 or 18, 2008.

8. The certificate of service reflects that this motion was mailed to Leslie Equipment's counsel on March 25, 2008.

*Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). With these standards in mind, we proceed to consider whether the trial court committed error in refusing to vacate the default judgment at issue.

## III. Discussion

### A. *In Personam* Jurisdiction

■ The validity of any court ruling is dependent on two jurisdictional predicates: "To enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction." Syl. Pt. 3, *State ex rel. Smith v. Bosworth*, 145 W.Va. 753, 117 S.E.2d 610 (1960). With regard to the need for personal jurisdiction over a nonresident defendant we have recognized:

> The Due Process Clause of the Fourteenth Amendment to the United States Constitution operates to limit the jurisdiction of a state court to enter a judgment affecting the rights or interests of a nonresident defendant. This due process limitation requires a state court to have personal jurisdiction over the nonresident defendant.

Syl. Pt. 1, *Pries v. Watt*, 186 W.Va. 49, 410 S.E.2d 285 (1991). Consequently, a determination that the trial court lacked *in personam* jurisdiction will render the default judgment at issue void and unenforceable. *See* Syl. Pt. 1, *Schweppes U.S.A. Ltd. v. Kiger*, 158 W.Va. 794, 214 S.E.2d 867 (1975) (holding that order rendered without personal and subject matter jurisdiction renders decree "utterly void"); *see also Smith v. Smith*, 140 W.Va. 298, 302–03, 83 S.E.2d 923, 925–26 (1954) (recognizing necessity of personal jurisdiction for judgments founded upon personal liability).

Appellants contend that the manner in which Leslie Equipment sought to effect service of process on them deprived the trial court of the necessary personal jurisdiction to enter an enforceable default judgment. Relying solely on the provisions of Rule 4 of the West Virginia Rules of Civil Procedure, Leslie Equipment had the clerk of the circuit court transmit the complaint and summons to the nonresident Appellants by means of certified mail. The pertinent provisions of Rule 4 provide for constructive service by means of "certified mail, return receipt requested, and delivery restricted to the addressee" "when plaintiff knows the residence of a nonresident defendant or the principal office of a nonresident defendant foreign corporation or business trust for which no officer, director, trustee, agent, or appointed or statutory agent or attorney in fact is found in the State . . . ." W.Va.Code §§ 4(d)(1)(D); 4(e)(2).

■ While Rule 4 specifies the manner in which constructive service may be effected upon a nonresident defendant,[9] Appellants assert that the rule does not address the issue of personal jurisdiction. In marked contrast to Rule 4, Appellants observe that West Virginia Code § 56-3-33—our long-arm statute—expressly contemplates and mandates that when a nonresident or his duly authorized agent commits one or more of seven delineated acts[10] the Secretary of

---

9. Appellants argue that Leslie Equipment did not fully comply with the provisions of Rule 4 because the certified mail was not delivery restricted as Mr. Zach signed for the process intended for Ms. Goeke. *See supra* note 5.

10. Those acts are:
 (1) Transacting any business in this state;
 (2) Contracting to supply services or things in this state;
 (3) Causing tortious injury by an act or omission in this state;
 (4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

 (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state: Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 (6) Having an interest in, using or possessing real property in this state; or
 (7) Contracting to insure any person, property or risk located within this state at the time of contracting.
 W.Va.Code § 56-3-33(a).

State, by operation of law, becomes the non-resident's attorney-in-fact. And, when lawful service is effected on the Secretary of State in connection with an action arising from the nonresident's commission of an act specified in West Virginia Code § 56–3–33, that service of process "shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state." *Id.*

In *Lozinski v. Lozinski,* 185 W.Va. 558, 408 S.E.2d 310 (1991), we recognized how the adoption of our long-arm statute was a legislative device by which the trial courts of this state could obtain personal jurisdiction over nonresident defendants within the bounds of due process. *Accord Harman v. Pauley,* 522 F.Supp. 1130, 1135 (S.D.W.Va.1981). After discussing how "West Virginia's extraterritorial 'reach' of jurisdiction over nonresidents is obtained through what are commonly-referred to as 'single-acts,'" [11] we determined that the failure to pay child support was a qualifying tortious act for purposes of obtaining personal jurisdiction over a Florida resident via the West Virginia Secretary of State. *Lozinski,* 185 W.Va. at 561, 563, 408 S.E.2d at 313, 315. Articulating the import of West Virginia Code § 56–3–33, we stated: "The intent and benefit of any long-arm statute is to permit the secretary of state to accept process on behalf of a nonresident *and to view such substituted acceptance as conferring personal jurisdiction over the nonresident.*" *Lozinski,* 185 W.Va. at 563, 408 S.E.2d at 315 (emphasis supplied).

■ Proper exercise of jurisdiction over a nonresident defendant by a trial court exists when: "(1) a statute ... authorize[s] service of process on the nonresident defendant, and (2) the service of process ... comport[s] with the Due Process Clause." *In re Celotex Corp.,* 124 F.3d 619, 627 (4th Cir.1997); *see also* Syl. Pt. 5, *Abbott v. Owens–Corning Fiberglas Corp.,* 191 W.Va. 198, 444 S.E.2d 285 (1994) (adopting two-step approach for examining personal jurisdiction over nonresident: (1) whether defendant's actions satisfy "our personal jurisdiction statutes" [12] and (2) whether defendant's contacts with West Virginia satisfy federal due process). Typically, the first step in determining whether a trial court validly exercised personal jurisdiction over a nonresident defendant involves applying the provisions of our long-arm statute— West Virginia Code § 56–3–33.[13] See *Easterling v. American Optical Corp.,* 207 W.Va. 123, 130, 529 S.E.2d 588, 595 (2000) (applying test adopted in *Abbott, supra* ).[14]

Critical to this case, however, is the fact that Leslie Equipment chose not to employ the provisions of West Virginia Code § 56–3–33 to obtain service of process on two nonresident defendants.[15] Foregoing the Secretary of State's substituted acceptance that is expressly authorized by the long-arm statute, Leslie Equipment opted to serve Appellants pursuant to the constructive service provisions of Rule 4. And, despite the absence of any authority, Leslie Equipment argues that personal jurisdiction can be obtained over a nonresident defendant through means of constructive service.

■ Characterizing Appellants' position that compliance with the long-arm statute is necessary to establish personal jurisdiction

---

**11.** *See supra* note 10.

**12.** Although we identified the relevant "personal jurisdiction" statutes in *Abbott* as W.Va. Code §§ 31–1–15 and 56–3–33, the former statute, which pertained to corporations, was repealed effective October 1, 2002. And, while the manner of serving foreign corporations is currently set forth in W.Va.Code § 31D–15–1510 (2009) as part of the West Virginia Business Corporation Act, W.Va.Code §§ 31D–1–101 to –17–1703 (2009), subsection f. specifically provides that this section is not the exclusive means of serving a foreign corporation. *See* W.Va.Code § 31D–15–1510(f); *accord Vass v. Volvo Trucks North America, Inc.,* 304 F.Supp.2d 851, 854 n.1 (S.D.W.Va.2004).

**13.** *See supra* note 12.

**14.** Because Leslie Equipment opted not to follow the provisions for substituted service by the Secretary State set forth in West Virginia Code § 56–3–33, there is no need to examine either the application of our long-arm statute or the consequent minimum contacts analysis that typically follows. *See Celotex,* 124 F.3d at 627 (observing that "the West Virginia long-arm statute is coextensive with the full reach of due process").

**15.** Leslie Equipment did utilize the Secretary of State to obtain service of process on Wood Resources. *See* W.Va.Code § 56–3–33.

over a nonresident defendant as a "technical argument," Leslie Equipment contends that a trial court automatically obtains personal jurisdiction over a nonresident defendant when it complies with the constructive service provisions set forth in Rule 4. *See* W.Va. R.Civ.P. 4(e)(2). This contention lacks merit as the provisions of Rule 4 address service of process and not the underlying jurisdictional prerequisites necessary for a trial court's exercise of jurisdiction. *See* 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1061 at p. 319 (3rd ed. 2002) (observing that "although valid service under Rule 4 provides appropriate notice to persons against whom claims are made, it does not ensure that the defendant is also within the in personam jurisdiction power of the ... court"); *accord Insurance Corp. v. Compagnie des Bauxites,* 456 U.S. 694, 715 n. 6, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (Powell, J., concurring) (stating that "Rule 4 deals expressly only with service of process, not with the underlying jurisdictional prerequisites"). Moreover, courts have uniformly rejected the argument that *in personam* jurisdiction can be obtained over a nonresident defendant by means of personal or constructive service. *See Smith v. Smith,* 140 W.Va. 298, 303–04, 83 S.E.2d 923, 926–27 (1954) (reasoning that because personal service of process on nonresident defendant has same effect as order of publication, *in personam* jurisdiction cannot be obtained in this manner); *accord Honegger v. Coastal Fertilizer & Supply, Inc.,* 712 So.2d 1161, 1162 (Fla.2nd Dist.App.1998) (holding that constructive service was insufficient to confer requisite personal jurisdiction necessary to enforce judgment for monetary damages); *Ford Motor Credit Co. v. Shaw,* 108 F.R.D. 218, 220 (N.D.Ala.1985) (recognizing that valid personal judgment cannot be obtained against nonresident defendant upon constructive service of process).

 As the Fourth Circuit recognized in *Central Operating Company v. Utility Work-*

*ers,* 491 F.2d 245 (4th Cir.1974), "[u]nder West Virginia law, a judgment that operates *in personam* cannot be rendered against a defendant upon whom only constructive service has been executed." *Id.* at 251 (citing *Fabian v. Kennedy,* 333 F.Supp. 1001 (N.D.W.Va.1971)). In *Fabian,* the district court examined whether the West Virginia courts acquired personal jurisdiction over a nonresident defendant through delivery of process to the Florida residence of the defendant.[16] In reaching its conclusion the trial court reasoned:

> No statute or rule of the State of West Virginia, pursuant to Rule 4(e), Federal Rules of Civil Procedure, provides that in personam jurisdiction can be had over a non-resident served outside the state. Personal service of process on a non-resident of West Virginia outside the state has the same effect, and no other, as an order of publication.

> Rule 4(f), West Virginia Rules of Civil Procedure, provides that personal service outside the state on a non-resident shall have the same effect as constructive service. It is held in *Grant v. Swank,* 74 W.Va. 93, 81 S.E. 967 [ (1914) ], that a personal decree against a non-resident defendant, not served otherwise than by publication, and not appearing to the proceeding, is erroneous.

333 F.Supp. at 1005 (some citations omitted). Based on the absence of either federal or state law (statute or rule) granting the trial court *in personam* jurisdiction by means of extraterritorial service, the court determined in *Fabian* that it lacked the necessary personal jurisdiction over the nonresident defendant. *Id.*

Leslie Equipment wrongly equates service of process with the trial court's acquisition of the necessary personal jurisdiction over Appellants. The fact that service of process was effected on the nonresident defendant in *Fabian* was inconsequential.[17] Of signifi-

---

**16.** A copy of the summons was left with defendant's sixteen-year-old son at the Florida residence.

**17.** Courts have repeatedly held that actual notice of the suit by a nonresident defendant has no

bearing on the issue of personal jurisdiction. *See, e.g., Buggs v. Ehrnschwender,* 968 F.2d 1544, 1548 (2nd Cir.1992); *Sieg v. Karnes,* 693 F.2d 803, 807 (8th Cir.1982); *Bedford Computer Corp. v. Graphic Press, Inc.,* 484 So.2d 1225, 1227 (Fla.1986).

cance in *Fabian* and in the case *sub judice* is whether the necessary *in personam* jurisdiction arose pursuant to a statute or rule. *See* 333 F.Supp. at 1005. As discussed above, the purpose of our long-arm statute's adoption was to create a legal mechanism by which personal jurisdiction could be obtained over nonresident defendants in compliance with the minimum contacts analysis inherent to an individual's rights of due process. Under West Virginia Code § 56-3-33, the acceptance by the Secretary of State of service of process as the attorney-in-fact for a nonresident defendant who has committed one of the enumerated statutory acts is the legal equivalent of personally serving that nonresident within this state. *See* W.Va.Code § 56-3-33. By statutory design, compliance with the service of process procedures set forth in West Virginia Code § 56-3-33 expressly authorizes the exercise of personal jurisdiction over nonresident defendants by the courts of this state.

In contrast to the legislative schema of West Virginia Code § 56-3-33, Rule 4 of the West Virginia Rules of Civil Procedure does not provide that constructive service on a nonresident defendant has the same force of law as personal service effected in state.[18] As a result, *in personam* jurisdiction does not arise by operation of law when a nonresident defendant is constructively served with process pursuant to the provisions of Rule 4 of the West Virginia Rules of Civil Procedure.

Simply put, Leslie Equipment has not identified any West Virginia law under which constructive service of process on a nonresident defendant gives the trial courts of this state personal jurisdiction.[19] By failing to avail itself of the statutory method that vests our trial courts with *in personam* jurisdiction over nonresident defendants,[20] the constructive service effected upon Appellants led to a default judgment that is void and unenforceable as against Mr. Zach and Ms. Goeke. *See* Syl. Pt. 1, *Kiger*, 158 W.Va. 794, 214 S.E.2d 867. Because there is no conflict between the provisions of Rule 4 and West Virginia Code § 56-3-33, there is no basis for concluding, as did the trial court, that the provisions of Rule 4 supplant the provisions of the long-arm statute. *See State v. Davis,* 178 W.Va. 87, 90, 357 S.E.2d 769, 772 (1987), *overruled on other grounds, State ex rel. R.L. v. Bedell,* 192 W.Va. 435, 452 S.E.2d 893 (1994) (recognizing that court rules will supersede procedural statutes where they are in conflict).[21] Thus, the trial court erred in concluding that it had personal jurisdiction over Appellants based on the constructive service effected pursuant to Rule 4.[22]

### B. Void Judgment

As this Court recognized in *Evans v. Holt,* 193 W.Va. 578, 457 S.E.2d 515 (1995), a movant seeking relief under Rule 60(b)(4) of the West Virginia Rules of Civil Procedure must show that the judgment sought to be vacated is void and that the motion to vacate the judgment was filed within a reasonable period of time. *Id.* at 587, 457 S.E.2d at 524. Because we have determined that the default judgment entered against Appellants was void for lack of personal jurisdiction, Appellants have only one other hurdle to meet in seeking relief under Rule 60(b)(4). They are required to

---

18. *Cf.* W.Va.R.Civ.P. 4(f) (rendering personal service effected extraterritorially on West Virginia resident as equivalent of personal service effected in state).

19. Our decision in this matter is limited to recognizing that the personal jurisdiction that arises by operation of law pursuant to the provisions of West Virginia Code § 56-3-33 does not similarly arise when constructive service is effected under Rule 4. Because Leslie Equipment sought to establish personal jurisdiction based on the constructive service provisions of Rule 4, there is no factual development in the record that would permit the minimum contacts analysis typically employed when the issue of personal jurisdiction

is raised. *See Pries,* 186 W.Va. at 50, 410 S.E.2d at 286, syl. pts. 2, 3.

20. *See Schweppes,* 158 W.Va. at 800, 214 S.E.2d at 871 (recognizing that strict compliance is generally required where manner of service of process is specified statutorily).

21. *See* W.Va.R.Civ.Pro. 82 (recognizing that rules of procedure should not be construed to extend or limit jurisdiction).

22. Because we determine in subsection B. of this opinion that Appellants timely moved to set aside the default judgment, they did not waive their right to asset the lack of personal jurisdiction.

establish that they sought to vacate the default judgment within a reasonable time. *See Evans,* 193 W.Va. at 587, 457 S.E.2d at 524. The record in this case indicates that Appellants' motion to set aside the default judgment was filed with the trial court on March 27, 2008. That motion was filed within ten days of counsel's discovery that a default judgment was entered [23] against his clients on February 1, 2008.

In *Evans,* we found a motion to set aside a void judgment to be timely filed when the filing occurred thirty days after the defendant received notice of the judgment and fourteen months after the judgment's entry. *See* 193 W.Va. at 587, 457 S.E.2d at 524. Significantly less time transpired in this case than in *Evans* as Appellants moved to set aside the default judgment less than two months after its entry and only ten days after learning of the judgment. We would be hard pressed to rule against Appellants on the issue of whether they sought to vacate the default judgment within a reasonable period of time under the facts of this case. Accordingly, we determine that the trial court erred in refusing to set aside the default judgment as void under Rule 60(b)(4).

Based on the foregoing, the decision of the Circuit Court of Wirt County is reversed.

Reversed.

Justice DAVIS dissents in part and concurs in part and reserves the right to file a dissenting and/or concurring opinion.

Justice WORKMAN concurs and reserves the right to file a concurring opinion.

Justice KETCHUM concurs and reserves the right to file a concurring opinion.

DAVIS, J., concurring, in part, and dissenting, in part:

In this case, the trial court denied the appellants' motion to set aside a default judgment. The majority opinion concluded that service of process on the appellants under Rule 4(e)(2) of the West Virginia Rules of Civil Procedure was invalid because service of process had to be made pursuant to W.Va.

Code § 56–3–33 (2008) (Supp.2009). I concur in this finding. However, for the reasons set out below, I respectfully dissent from the majority opinion's analysis and ultimate disposition of the case.

**DISCUSSION**

The basis of my dissent rests on three grounds. First, I disagree with the majority opinion's analysis of Rule 4(e)(2). Second, I believe the issue of insufficiency of service of process was waived, at least as to one of the appellants. Third, this case should have been remanded for the trial court to set out findings of fact to support its decision consistent with *Parsons v. Consolidated Gas Supply Corp.,* 163 W.Va. 464, 256 S.E.2d 758 (1979). I will address each issue separately.

**I. Understanding the Application of Rule 4(e)**

The current version of Rule 4(e) was the result of an amendment in 1998. The instant case is the first opportunity this Court has had to construe the new version of Rule 4. Unfortunately, the majority opinion decided to "talk" around the rule rather than confronting it on the merits. As I will hereinafter explain, the current version of Rule 4(e), like its predecessor, can be used to permit a circuit court to obtain personal jurisdiction over a defendant for service of process in one limited area of law.

**A. The case law involving Rule 4(e) prior to 1998.** Prior to 1998, Rule 4(e)(1) read, in relevant part:

If the plaintiff shall file with the court an affidavit ... that the defendant is a non-resident of the State ... the clerk shall enter an order of publication against such named ... defendant[ ]. And, where the residence of a nonresident defendant ... is known to the plaintiff, the clerk shall serve such defendant by mailing a copy of the summons and of the complaint by first-class mail to such defendant ...; and such summons shall notify him that he must appear and defend within 30 days after the date of mailing, otherwise, judgment by default will be rendered against him at any time thereafter.

---

**23.** Appellants' counsel discovered the default

judgment on March 17, 2008.

Clearly, under former Rule 4(e)(1), when a plaintiff knew the address of a nonresident defendant, both publication and mailing had to occur in order to commence a valid proceeding against the defendant.[1] Insofar as this Court created former Rule 4(e)(1) pursuant to our constitutional rule-making authority, the rule must have been intended to have application in some context. One context in which the Rule had application was a divorce proceeding against a nonresident defendant. However, the Rule did not apply in tort actions against a nonresident defendant.

In the case of *Teachout v. Larry Sherman's Bakery, Inc.,* 158 W.Va. 1020, 216 S.E.2d 889 (1975), the plaintiffs, husband and wife, effected service of process on a nonresident defendant by publication and mailing.[2] The plaintiffs brought the action to recover damages for injuries received by the wife when she fell near a building owned by the nonresident defendant. The nonresident defendant filed a motion to dismiss the complaint because of lack of jurisdiction and insufficient service of process. After the motion was denied, the nonresident defendant filed an answer to the complaint. A verdict was eventually rendered in favor of the plaintiffs. On appeal, the nonresident defendant argued that service of process by publication and mailing could not give the circuit court in personam jurisdiction over him. This Court agreed with the nonresident defendant and held that "the attempted service on the defendant did not confer upon the trial court jurisdiction over his person[.]" *Teachout,* 158 W.Va. at 1027, 216 S.E.2d at 893–94.

For the purposes of my dissent, the opinion in *Teachout* stands for the proposition that, *in a tort action,* constructive service of process on a nonresident defendant by publication and mailing under former Rule 4(e)(1) will not confer personal jurisdiction over the nonresident defendant. However, this limitation on former Rule 4(e)(1) by *Teachout* did not extend to divorce actions.

In *Dierkes v. Dierkes,* 165 W.Va. 425, 268 S.E.2d 142 (1980), the plaintiff husband filed for a divorce in West Virginia. At the time of the filing of the complaint, the plaintiff's wife lived in Ohio. The plaintiff made constructive service of process by publication only. The defendant wife did not answer the complaint or make an appearance. A divorce was granted to the plaintiff. Subsequently, the plaintiff remarried. Several years after his remarriage, the plaintiff was killed in an automobile accident. After the plaintiff's death, his former wife filed a petition seeking to set aside the divorce decree on the ground that she was not properly served with process under Rule 4(e)(1). The circuit court agreed with the former wife and set aside the decree. The estate of the husband appealed. This Court addressed the requirements of publication and mailing under Rule 4(e)(1) for divorce purposes as follows:

> Our research reveals that this Court has never reached the precise issue involved in the instant case; i.e., whether failure to comply with the mailing aspect of Rule 4(e)(1) on constructive service of process will void an otherwise valid divorce decree. Most courts faced with the question hold that strict compliance with constructive service statutes is essential to give a court jurisdiction to grant a divorce. And when the rule or statute requires that a copy of the summons and complaint be mailed to the out-of-state defendant in addition to publication, and the mailing requirement is not complied with, the service is void.

*Dierkes,* 165 W.Va. at 429, 268 S.E.2d at 144–45. We ultimately adopted the position taken by the majority of courts and held in Syllabus point 1 of *Dierkes* that "[f]ailure to comply with the mailing requirement of Rule 4(e)(1) of the West Virginia Rules of Civil Procedure on constructive service of process will void an otherwise valid divorce decree."[3] 165 W. Va. 425, 268 S.E.2d 142.

---

1. Under the current version of Rule 4(e), publication is not required when a plaintiff knows the address of a nonresident defendant. *See* Section I.B., *infra.*

2. The decision in *Teachout* did not cite the authority relied upon by the plaintiff to effect constructive service. However, it is clear that the plaintiff relied upon former Rule 4(e)(1).

3. The opinion in *Dierkes* remanded the case for a determination of whether laches barred the former wife's attempt to void the divorce decree.

*Dierkes* stands for the proposition that, in a divorce action, constructive service of process on a nonresident defendant by publication and mailing under former Rule 4(e)(1) will confer personal jurisdiction over the nonresident defendant *solely* on the issue of divorce. In my review of the cases where former Rule 4(e)(1) was expressly relied upon for service of process, I found that all of these cases involved divorce actions. *See Hawkinberry v. Maxwell,* 176 W.Va. 526, 345 S.E.2d 826 (1986) (divorce complaint constructively served under Rule 4(e)(1)); *Shaw v. Shaw,* 155 W.Va. 712, 187 S.E.2d 124 (1972) (same); *Brinkley v. Brinkley,* 147 W.Va. 557, 129 S.E.2d 436 (1963) (same); *Tate v. Tate,* 149 W.Va. 591, 142 S.E.2d 751 (1965) (same). *Cf. McAtee v. McAtee,* 174 W.Va. 129, 323 S.E.2d 611 (1984).[4]

**B. The 1998 amendment to Rule 4(e).** In 1998, this Court amended and rewrote Rule 4(e). Under its present form, Rule 4(e) does not require constructive service by both publication and mailing. In fact, the procedure for publication and mailing are set out in separate sections. Because of what seems to be a clear drafting error, one must examine the publication procedures set out in Rule 4(e)(1) to show what was actually intended under the mailing procedure set out in Rule 4(e)(2).

Constructive service by publication is governed by Rule 4(e)(1). This rule provides in relevant part:

... If the plaintiff files with the court an affidavit:

(A) That the defendant is a foreign corporation or business trust for which no officer, director, trustee, agent, or appointed or statutory agent or attorney in fact is found in the State upon whom service may be had; or

(B) That *the defendant is a nonresident of the State for whom no agent, or appointed or statutory agent or attorney in fact is*

*found in the State upon whom service may be had;* ...

....

then the clerk shall enter an order of publication against such named ... defendant[ ]. Every order of publication shall state .... that each named ... defendant must appear and defend on or before a date set forth in the order, which shall be not fewer than 30 days after the first publication thereof; otherwise, that judgment by default will be rendered against the defendant[ ] at any time thereafter....

(Emphasis added). For the limited purpose of this dissent, it is clear that under Rule 4(e)(1), constructive service by publication upon a nonresident defendant may occur only when "no agent, or appointed or statutory agent or attorney in fact is found in the State upon whom service may be had." Rule 4(e)(i)(B).

Constructive service by mail is governed by Rule 4(e)(2). Rule 4(e)(2) states, in relevant part:

When ... *plaintiff knows the residence of a nonresident defendant* or the principal office of a nonresident defendant foreign corporation or business trust for which no officer, director, trustee, agent, or appointed or statutory agent or attorney in fact is found in the State upon whom service may be had, *plaintiff shall obtain constructive service of the summons and complaint upon such defendant by the method set forth in Rule 4(d)(1)(D).* The summons in such instance shall notify the defendant that the defendant must appear and defend within thirty days of the date of mailing pursuant to Rule 4(d)(1)(D); otherwise, that judgment by default will be rendered against the defendant at any time thereafter.

(Emphasis added). The problem presented by Rule 4(e)(2) is that it can be read to mean that service by mailing on a nonresident defendant may occur *under any circumstance.*

---

[4.] The decision in *McAtee* involved granting a divorce and child custody pursuant to process being served under former Rule 4(e)(1). The nonresident defendant in the case did not appeal the divorce issue. Instead, the defendant argued that service of process under former Rule 4(e)(1) did not confer jurisdiction over her for the pur-

pose of child custody. This Court agreed with the defendant that personal jurisdiction was not obtained for purposes of child custody, but found that the Uniform Child Custody Jurisdiction Act permitted the trial court to decide the child custody issue.

That is, under a literal reading of the provision, there is no requirement of showing that the nonresident does not have an "agent, or appointed or statutory agent or attorney in fact . . . in the State upon whom service may be had." *Id.* Obviously, this literal reading was not the intent of this Court when the provision was drafted. Rule 4(e)(2) was intended to apply the same limitations for constructive service on a nonresident defendant as is provided for constructive service by publication under Rule 4(e)(1). In other words, Rule 4(e)(2), like Rule 4(e)(1), should be interpreted as permitting service on a nonresident defendant by mail only when "no agent, or appointed or statutory agent or attorney in fact is found in the State upon whom service may be had." Rule 4(e)(i)(B).

The majority opinion, rather than explaining that Rule 4(e)(2), in fact, has limitations that were inadvertently omitted, has chosen to ridicule the rule as somehow being of little value to presumptively obtain personal jurisdiction. Rule 4(e)(2) has application to a divorce proceeding when one of the parties is a nonresident.[5]

Rule 4(e)(2)[6] provides the mechanism for service on a divorce defendant who is not a resident of West Virginia. None of the criteria set forth in W.Va.Code § 56–3–33 would make the Secretary of State the statutory agent or attorney in fact for a nonresident divorce defendant.[7] This point is clear. The Legislature has expressly indicated that the Rules of Civil Procedure are to be utilized for service of process in divorce actions. That is, pursuant to W.Va.Code § 48–5–103(b) (2001) (Repl. Vol. 2004), the Legislature has indicated that, in a divorce action, "[a] judgment order may be entered upon service of process in the manner specified in the rules of civil procedure for the service of process upon individuals." Further, it is provided in Rule 9(b) of the Rules of Practice and Procedure for Family Court that, in a divorce action, "[t]he petitioner shall choose a method of service in accordance with the Rules of Civil Procedure." The majority opinion's characterization of constructive service under Rule 4(e)(2) as somehow not affording personal jurisdiction would nullify its use for

---

5. To be clear, I do not believe that there is any due process violation in serving process under Rule 4(e)(2) upon a nonresident defendant who was married in the State, but subsequently moved away.

6. Service on a divorce defendant who is not a resident of West Virginia may also be made through Rule 4(e)(1), when properly invoked.

7. The majority opinion suggests that constructive service under W.Va.Code § 56–3–33 is somehow more legally binding than constructive service under Rule 4. This suggestion is inconsistent with our constitutional rule-making authority and W.Va.Code § 56–3–33, itself. This Court has made quite clear that "[u]nder article eight, section three of our Constitution, the Supreme Court of Appeals shall have the power to promulgate rules for all of the courts of the State related to *process*, practice, and procedure, which *shall have the force and effect of law.*" Syl. pt. 1, *Bennett v. Warner*, 179 W.Va. 742, 372 S.E.2d 920 (1988) (emphasis added). Moreover, W.Va. Code § 56–3–33(f) specifically recognizes that "[t]he provision for service of process herein is cumulative and nothing herein shall be construed as a bar to the plaintiff in any action or proceeding from having process in such action served in any other mode or manner provided by the law of this state[.]" Consequently, I reject the suggestion in the majority opinion that constructive service of process under Rule 4 does

not presumptively provide personal jurisdiction over a defendant. It has been recognized that "[a] signed return certificate filed in the clerk's office provides a rebuttable presumption that the party to whom the service was sent is properly served." *Kingvision Pay–Per–View, Ltd. v. Ayers*, 886 So.2d 45, 53 (Ala.2003) (internal quotations and citation omitted). This rebuttable presumption assumes that a trial court has personal jurisdiction over a defendant. The defendant can rebut this presumption by presenting evidence to establish that personal jurisdiction is lacking. *See Private Capital Group, LLC v. Walpuck*, No. CV054007509S, 2006 WL 3290481, at *2 (Conn.Super.Ct. Oct.25, 2006) ("When service of process is made . . . and jurisdiction turns on the truth of the matters stated in the officer's return, there is a presumption of the truth of the matters stated in the officer's return, and the burden of proving lack of jurisdiction is on the defendant."); *Watts v. Brown*, No. 45638, 1983 WL 5633, at *6 (Ohio Ct.App. Aug.4, 1983) ("Where service of process is had by ordinary mail, and default judgment is taken against a defendant, a rebuttable presumption arises that defendant resided at the address certified by the plaintiff, and that the trial court was invested with jurisdiction over the person of the defendant."); *Brenner v. Port of Bellingham*, 53 Wash. App. 182, 765 P.2d 1333, 1335 (1989) ("When there is a recital in a default judgment that proper service of process has occurred, a presumption of jurisdiction arises, but such presumption may be overcome[.]").

divorce purposes when one party is a nonresident.

In the final analysis, the majority opinion should have explained that Rule 4(e)(2) should be read as permitting process to be mailed to a nonresident defendant only when "no agent, or appointed or statutory agent or attorney in fact is found in the State upon whom service may be had." Rule 4(e)(1)(B). When Rule 4(e)(2) is properly applied, it is clear that, in the instant case, the appellee could not rely upon that Rule. W.Va.Code § 56–3–33 made the Secretary of State the statutory agent or attorney in fact for the appellants.

## II. The Defense of Insufficiency of Service of Process Was Waived by at Least One of the Appellants

As a preliminary matter, I need to point out that the majority opinion's fixation with the phrase "personal jurisdiction" resulted in a flawed analysis of the dispositive issue confronting the Court. The opinion in *Roque v. United States*, 857 F.2d 20, 21–22 (1st Cir. 1988), addressed the concern I have as follows:

> Rule 12(b) distinguishes between the defenses of lack of personal jurisdiction[ ] and insufficient service of process.... If the true objection is insufficient service of process, we do not think it is too much to require a litigant to plainly say so. [A

party] should not couch its true objection to the sufficiency of service in the garb of formalistic incantations of lack of personal jurisdiction[.]

*Roque*, 857 F.2d at 21–22. In the instant case, the majority opinion has clothed the Rule 12(b)(5) issue of insufficiency of service of process with the "garb of formalistic incantations of lack of personal jurisdiction" under Rule 12(b)(2).[8] In other words, the true issue in this case was the appellants' contention that process was not properly served on them.[9] In fact, the majority opinion clearly stated that the "Appellants contend that the manner in which Leslie Equipment sought to effect service of process on them deprived the trial court of the necessary personal jurisdiction to enter an enforceable default judgment." Maj. op. at 112.

Inasmuch as the majority opinion concluded, and I concur, that Rule 4(e)(2) was not the proper vehicle for service of process on the appellants, the next step in the analysis should have been a determination of whether the appellants waived the defense of insufficiency of service of process under Rule 12(b)(5).[10]

The majority opinion indicates in footnote 5 that Appellant Zach received and accepted process by mail at his residence in New Mexico. Appellant Goeke did not actually re-

---

**8.** Rule 12(b)(2) is concerned with due process minimum contacts with the State. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999) ("In a Rule 12(b)(2) motion, Westin Mexico alleged that there were insufficient minimum contacts to bring it within the personal jurisdiction of the court."); *ReedHycalog UK, Ltd. v. United Diamond Drilling Servs., Inc.*, No. 6:07CV251, 2009 WL 2834274, at *1 (E.D.Tex. Aug.31, 2009) ("UDLP filed this Motion to Dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure claiming that the Court does not have personal jurisdiction over UDLP because UDLP does not have sufficient minimum contacts with the State of Texas."); *Faxon & Booth Golf Design, LLC v. South Shore Tri–Town Dev. Corp.*, No. 09–135–P–S, 2009 WL 1873515, at *1 (D.Me. June 29, 2009) ("A motion pursuant to Rule 12(b)(2) raises the question whether a defendant has purposefully established minimum contacts in the forum State."). Footnote 19 of the majority opinion states that the issue of "minimum contacts" is not before the Court. Nevertheless, the majority opinion treats the is-

sue of insufficient service of process as though it was a Rule 12(b)(2) personal jurisdiction issue.

**9.** A consequence that flows from insufficient service of process is that a trial court's presumptive personal jurisdiction is lacking when it is properly established that process was not served correctly.

**10.** I realize that the trial court's order did not address the waiver issue. However, our cases are clear in holding that we may affirm on grounds different than that relied upon by the trial court. *See Schmehl v. Helton*, 222 W.Va. 98, 106 n. 7, 662 S.E.2d 697, 705, n. 7 (2008) ("[T]his Court may in any event affirm the circuit court on any proper basis, whether relied upon by the circuit court or not."); *Murphy v. Smallridge*, 196 W.Va. 35, 36–37, 468 S.E.2d 167, 168–69 (1996) ("An appellate court is not limited to the legal grounds relied upon by the circuit court, but it may affirm or reverse a decision on any independently sufficient ground that has adequate support.").

ceive process at her home in Iowa. It appears that process for Appellant Goeke was sent to Appellant Zach's residence.[11] Under these facts, an analysis is required to determine whether Appellant Zach waived the defense of insufficiency of service of process under Rule 12(b)(5).

To begin, Rule 12(a)(1) provides that "when service of process is made upon a defendant in the manner provided in Rule 4(e) . . ., the answer shall be served within 30 days after service of the summons[.]" Under Rule 12(b),

> [e]very defense, in law or fact, to a claim for relief . . . shall be asserted in the responsive pleading . . ., except that the following defenses may at the option of the pleader be made by motion: . . . (5) insufficiency of service of process. . . . A motion making any of these defenses shall be made before pleading[.]

Rule 12(b) has been explained as follows:

> Rule 12(b) permits a defendant to raise certain defenses and objections by motion filed before serving an answer. A defendant may forego a pre-answer motion and assert in an answer to a complaint every defense, objection or response the defendant has to the plaintiff's complaint, including jurisdictional challenges, denials, affirmative defenses and counterclaims.

Franklin D. Cleckley, Robin J. Davis & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 12(b) (3d ed. 2008) (hereinafter referred to as "Litigation Handbook").

Under Rule 12(h)(1), "[a] defense of . . . insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading[.]" The issue of insufficiency of service of process has been explained as follows:

> An objection [to sufficiency of service of process] challenges the mode of delivery or lack of delivery of the summons and com-

plaint. . . . A Rule 12(b)(5) [insufficiency of service of process] motion is proper only to challenge noncompliance with a provision of Rule 4 that deals specifically with service of process. A trial court lacks personal jurisdiction over a defendant if there is insufficient service of process.

*Litigation Handbook*, at § 12(b)(5).

It is clear from the majority opinion that Appellant Zach did not file an answer or pre-answer motion to the complaint. Consequently, a default judgment was eventually entered. Under our law, the failure of a defendant to file an answer or pre-answer motion asserting the defense of insufficiency of service of process constitutes a waiver of that issue. Moreover, I have been unable to find any case by this Court or from other jurisdictions that permits a defendant to belatedly raise the issue of insufficiency of service of process when the defendant received process, but permitted a default judgment to be entered. *See In re Appointment of Trs. for Woodlawn Cemetery*, 222 W.Va. 351, 354, 664 S.E.2d 692, 695 (2008) ("[B]ecause the appellants failed to make a motion or file any pleading challenging the sufficiency of the appellees' service of process by publication . . . the appellants waived their objections."); Syl. pt. 1, in part, *Vanover v. Stonewall Cas. Co.*, 169 W.Va. 759, 289 S.E.2d 505 (1982) ("Where a defendant . . . fails to appear and allows a default judgment to be taken, the default judgment cannot be set aside on a claim of lack of venue, since the venue issue has been waived by the failure to assert it.").[12]

Based upon the foregoing, I believe that Appellant Zach waived the issue of lack of personal jurisdiction based upon insufficiency of service of process. Further, insofar as it appears that Appellant Goeke's objection to personal jurisdiction was based upon insufficiency of service of process, I would have remanded this issue for a determination of (1) exactly when and how she received notice

---

**11.** As I indicate later in my dissent, the issue of waiver by Appellant Goeke should have been remanded to the trial court.

**12.** There is authority that recognizes an exception to the waiver rule only for a Rule 12(b)(2) personal jurisdiction defense, when a default

judgment is entered. "In this situation some courts hold that 'a party's right to contest personal jurisdiction is not waived by his failure to appear at all.'" *Litigation Handbook*, at § 12(h)(1) (quoting *Jackson v. FIE Corp.*, 302 F.3d 515 (5th Cir.2002)).

of the action and (2) whether she had sufficient time to file a motion or answer objecting on insufficiency of service of process grounds prior to a "default" (not the default judgment) being entered against her.

### III. The Trial Court's Order and Majority Opinion Failed to Set out an Analysis of the *Parsons* Factors

The appellants in this case filed a motion with the circuit court to set aside a default judgment. This Court recently has held that,

> [i]n addressing a motion to set aside a default judgment, "good cause" requires not only considering the factors set out in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) of the West Virginia Rules of Civil Procedure has been satisfied.

Syl. pt. 5, *Hardwood Group v. Larocco*, 219 W.Va. 56, 631 S.E.2d 614 (2006). The *Parsons* factors have been stated as follows:

> In determining whether a default judgment should be ... vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

Syl. pt. 3, in part, *Parsons*, 163 W.Va. 464, 256 S.E.2d 758.

A review of the trial court's order in this case shows that it summarily held that the Appellants "failed to show either good cause or excusable neglect in support of the relief requested[.]" There is no discussion of the *Parsons* factors. Further, the majority opinion also has failed to perform an analysis of the *Parsons* factors—the majority opinion simply adopts the ground for relief asserted under Rule 60(b)(4). The decision in *Larocco* has made clear that a challenge to a default judgment must include an analysis of the *Parsons* factors *and* any ground asserted under Rule 60(b).

Consequently, in view of the manner in which I would have addressed the issue of service of process, I would reverse the trial court's order and remand the case so that the trial court could reconsider the motion to set aside. Finally, in remanding the case, I would have instructed the trial court to issue an order that included findings of fact consistent with *Parsons* and an analysis of any Rule 60(b) ground asserted by the appellants. Based upon the foregoing, and in light of the majority's contrary decision, I respectfully concur, in part, and dissent, in part.

KETCHUM, Justice, concurring:

I concur completely with the majority opinion. I write to express my concern that Rule 60(b)(4) requires that a motion to set aside a void judgment must be filed within a reasonable period of time after entry of the void judgment.

What is a reasonable period of time? If a defendant learns 10 years later that a void judgment has been entered against him or her, is it too late to set aside the void judgment under Rule 60(b)(4)? What constitutes a "reasonable time" is not subject to precise definition. *Savas v. Savas*, 181 W.Va. 316, 319 n. 2, 382 S.E.2d 510, 513 n. 2 (1989) (The term "reasonable time" is not susceptible of a precise definition). Different circuit judges will apply different definitions to the term "reasonable time."

There should be no time limit to set aside a void judgment. Once void, always void. Although Rule 60(b) indicates that relief from a judgment may also be sought through an independent action, Rule 60(b) should be amended to eliminate any time limit for setting aside a judgment that is void.

I, therefore, concur in the decision of this Court.

I am authorized to state that Justice WORKMAN joins me in this concurrence.