# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Amy R. Rhoe (formerly Wise),**
**Petitioner Below, Petitioner**

**vs)   No. 13-0108** (Berkeley County 12-C-AP-6)

**Berkeley County Fire Board,**
**Respondent Below, Respondent**

**FILED**

**December 4, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Amy R. Rhoe[1] (formerly Wise), appearing *pro se*, appeals the order of the Circuit Court of Berkeley County, entered January 4, 2013, that denied petitioner's appeal from the March 28, 2012 order of the Magistrate Court of Berkeley County that denied her motion to set aside a default judgment entered January 26, 2010. Respondent Berkeley County Fire Board ("the Board"), by counsel Norwood Bentley, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision is reversed and this case is remanded with directions to vacate the January 26, 2010 default judgment.

On April 10, 2009, the Board filed an action against petitioner in the Magistrate Court of Berkeley County for past due fire service fees for the years 2004 through 2007. The Board alleged that the amount due was $174.50. The Board attempted to serve process on petitioner by certified mail pursuant to Rule 4(d)(1)(D) of the West Virginia Rules of Civil Procedure.[2] However, the certified mail was returned as "not deliverable as addressed." Thereafter, service was accomplished through publication.

On January 25, 2010, the Board filed an affidavit of default judgment with the magistrate court that indicated petitioner had been served on May 27, 2009, by publication, and as of the date of the affidavit, had not answered its complaint. On January 26, 2010, the magistrate court granted

---

[1]  Rhoe is petitioner's married name.

[2]  Pursuant to Rule 3 of the West Virginia Rules of Civil Procedure for Magistrate Courts, Rule 4 of the West Virginia Rules of Civil Procedure governs service of process in civil actions in magistrate court.

1

the Board a default judgment against petitioner in the amount of $174.50. Subsequently, on November 21, 2011, a writ of execution was issued to the Berkeley County Sheriff to seize and sell items of petitioner's personal property equivalent to $362.17, the amount then due given unpaid interest and court courts. A notation on the writ of execution indicates that it was stayed on March 9, 2012, pending petitioner's attempt to have the default judgment set aside.

According to petitioner, she first learned of the default judgment in January of 2012 when a sheriff's deputy arrived at her residence to execute the writ. Petitioner subsequently filed a motion to set aside the default judgment on February 10, 2012. The magistrate court denied the motion on March 28, 2012. Petitioner appealed the denial of her motion de novo to the circuit court.

Following a June 12, 2012 hearing, the circuit court denied petitioner's appeal of the magistrate court's denial of the motion to set aside the default judgment on January 4, 2013. The circuit court found that in order to have the default judgment set aside under Rules 55(c) and 60(b), petitioner would first have to show that she had a meritorious defense to the Board's claim that she owed past-due fire service fees. The circuit court determined that petitioner "admittedly and completely lacks any evidence that she made payment of the required fire fees during the years in question[.]" Secondly, the circuit court noted "[petitioner's] tardiness in asking for relief under any and all pertinent Rules and statutes[.]" Petitioner now appeals the circuit court's order.

"We review a decision by a trial court to award a default judgment pursuant to an abuse of discretion standard." *Leslie Equip. Co. v. Wood Res. Co., L.L.C.*, 224 W.Va. 530, 532, 687 S.E.2d 109, 111 (2009). In addition, we decline to address any arguments that do not relate to (1) whether the January 26, 2010 default judgment is void because of insufficient service; and (2) whether petitioner moved to set aside the default judgment within a reasonable time. *See id*, Syl. Pt. 5 (setting forth the requirements that must be met by a movant under Rule 60(b)(4)).[3]

On appeal, petitioner argues that the default judgment was void because service was insufficient to confer *in personam* jurisdiction over her. *See* Syl. Pt. 3, *Beane v. Dailey*, 226 W.Va. 445, 701 S.E.2d 848 (2010) ("A default decree rendered upon a defective substituted service of process is void for want of jurisdiction.") (Internal quotations and citations omitted.). The Board concedes that service by publication was insufficient to provide the magistrate court with *in personam* jurisdiction over petitioner. Rule 4(e) and West Virginia Code § 56-3-23 list the circumstances in which a plaintiff may serve process on a defendant by publication. Neither permits service by publication in circumstances where the only attempted personal service was by certified mail. Therefore, this Court accepts the Board's concession that the magistrate court did not possess *in personam* jurisdiction over petitioner.[4]

---

[3] Both parties address the merits of the Board's action against petitioner, as well as various irrelevant procedural issues.

[4] *See* Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

2

The Board argues that petitioner failed to move to set aside the January 26, 2010 default judgment within a reasonable time. However, the Board does not dispute petitioner's statement that she first learned of the default judgment in January of 2012. Petitioner subsequently filed a motion to set aside the default judgment on February 10, 2012. Thus, the Court finds that the motion to set aside the void default judgment was timely made and should have been granted pursuant to Syllabus Point Five of *Leslie Equipment, see* 224 W.Va. at 530, 687 S.E.2d at 110.

In affirming the denial of petitioner's motion, the circuit court focused on whether she had a meritorious defense to the Board's claim that she owed past due fire service fees. In Syllabus Point Three of *Parsons v. Consolidated Gas Supply Corp.,* 163 W.Va. 464, 256 S.E.2d 758 (1979), this Court held that the existence of a meritorious defense is a factor to be considered in judging whether a default judgment should be set aside. However, this Court further explained in *Beane* that a *Parsons* analysis is unnecessary where a default judgment is void due to a lack of personal jurisdiction. 226 W.Va. at 447, 701 S.E.2d at 850. The entry of such a default judgment constitutes "a per se abuse of discretion." 226 W.Va. at 447-48, 701 S.E.2d at 850-51 (Internal quotations and citations omitted.). Thus, this Court determines that the circuit court abused its discretion in affirming the denial of petitioner's motion to set aside the default judgment.

The Board last argues that if the Court deems it proper to vacate the default judgment, the Court should vacate the judgment only in part. The Board asserts that petitioner will be unable to produce any evidence that she paid the required fire fees during the years 2004 through 2007 and, therefore, the judgment that petitioner is liable for the fees should be preserved and the case should be remanded only for a hearing on the amount due. However, a void judgment is "a nullity [that] may be attacked, collaterally or directly, at any time and in any court whenever any claim or right is asserted under such judgment." Syl. Pt. 2, *Beane* (Internal quotations and citations omitted.). Accordingly, the Court concludes that the entire default judgment fails.

For the foregoing reasons, we reverse the circuit court's January 4, 2013 order and remand this case with directions to vacate the January 26, 2010 default judgment.

Reversed and Remanded with Directions.

**ISSUED:** December 4, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II