COHEN, J.
Luis Avila and Cristine Rosenhaim ("the Avilas") appeal the final summary judgment of foreclosure entered in favor of HMC Assets, LLC Solely in its Capacity as Separate Trustee for Cam XVIII Trust and Riviera Bella Master Association, Inc. ("HMC"). We affirm without discussion. However, we write to comment upon the trial court's reservation of jurisdiction to enter a deficiency judgment against the Avilas following the foreclosure sale.
HMC attempted to effectuate personal service on the Avilas but could not locate them. Instead, it properly effectuated constructive service. The Avilas maintained their objection to personal jurisdiction throughout the proceedings. The trial court entered a final summary judgment of foreclosure in favor of HMC and reserved jurisdiction to enter further orders, including a deficiency judgment against the Avilas following the foreclosure sale.
"A personal money judgment necessitates in personam jurisdiction over the defendant," but "[c]onstructive service *1135 confers only in rem or quasi in rem jurisdiction upon the court." Honegger v. Coastal Fertilizer & Supply, Inc., 712 So. 2d 1161, 1162 (Fla. 2d DCA 1998) (citations omitted). Accordingly, the court never acquired the necessary in personam jurisdiction to enter a deficiency judgment against the Avilas, and entry of such would be improper.[1]
AFFIRMED.
EVANDER, C.J., and EDWARDS, J., concur.

We note that HMC is not precluded from personally serving the Avilas and obtaining a deficiency judgment. A plaintiff is not required to obtain personal jurisdiction in an initial foreclosure action in order to bring a deficiency action in the future. NCNB Nat'l Bank of Fla. v. Pyramid Corp., 497 So. 2d 1353, 1355 (Fla. 2d DCA 1986).