# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dale Rife,**
**Respondent Below, Petitioner**

**FILED**

**November 18, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0975** (Wyoming County 14-C-139)

**Margaret A. Shields and Steve A. Rife,**
**Petitioners Below, Respondents**

## MEMORANDUM DECISION

Petitioner Dale Rife, by counsel Dennie S. Morgan, Jr., appeals the September 2, 2015, order of the Circuit Court of Wyoming County denying his motion to alter or amend judgment.[1] Respondents Margaret Ann Shields and Steve A. Rife, by counsel Thomas H. Evans, III, filed a response in support of the circuit court's order. Petitioner filed a reply. Petitioner argues that the circuit court erred in making findings of fact not supported in the record; in improperly applying West Virginia Code § 37-4-3 to the facts of this case; and in failing to establish personal jurisdiction over petitioner.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, we find that the circuit court erred with respect to its denial of petitioner's motion to alter or amend judgment. For these reasons, a memorandum decision reversing the circuit court's order is appropriate under "limited circumstances" of Rule 21(d) of the Rules of Appellate Procedure.

Petitioner and respondents are each owners of a one-third undivided interest in 0.42 acres of property in Baileysville District, Wyoming County.[2] In February of 2014, respondents obtained an appraisal for the subject property and identified a buyer. Petitioner would not agree to the sale of the property.[3] On September 3, 2014, respondents filed a petition to partition real estate seeking partition through sale of the property.

---

[1]Petitioner styled his motion as a "motion for re-hearing" pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure.

[2]None of the parties reside upon or occupy the property at issue. As it is uninhabited, respondents alleged that the property was subject to waste, unreasonable maintenance, and unreasonable deterioration in value.

[3]Petitioner professed a sentimental attachment to the property.

1

A hearing was scheduled on respondents' petition for September 24, 2014. At this hearing, respondents' counsel alleged that service of the partition petition had been attempted upon petitioner, a resident of North Carolina, but was unsuccessful.[4] Respondents' counsel indicated that service by publication would be attempted, and another hearing on the petition for partition was set for December 17, 2014.

On December 3, 8, and 16, 2014, a notice of the December 17, 2014, hearing was published in the Statesville Record and Landmark Newspaper.[5] The notice was titled "Notice to Dale Rife" and advised of the date, time, and location of the December 17, 2014, hearing. Despite this notice, petitioner did not appear at the December 17, 2014, hearing.

While no transcript of any court proceeding held in this case before the Wyoming County Circuit Court on December 17, 2014, was included in the record provided to this Court, respondents contend that a brief hearing was conducted on that date for the purpose of appointing three commissioners to complete an appraisal of the property pursuant to West Virginia Code § 37-4-3. The appointment of the commissioners was formalized by order dated January 15, 2015. The next hearing on the respondents' petition for partition was set for March 3, 2015, and rescheduled to April 1, 2015. Notice of the April 1, 2015, hearing was again made to petitioner through publication. However, the publication was not made in any North Carolina newspaper or other newspaper serving the geographic area where petitioner allegedly resides, but was made in a Wyoming County newspaper titled the Independent Herald.[6]

On March 31, 2015, the commissioners' report was filed. In their report, the commissioners found that the property at issue could not be partitioned in kind and determined the total value of the property to be $36,000.[7] A final hearing on respondents' petition for partition was held on April 1, 2015. It is undisputed that petitioner did not attend the hearing and made no formal appearance in the case, by counsel or otherwise, prior to this hearing.

---

[4]Respondents allege that service of the petition to partition was attempted through both regular mail and by process server.

[5]Respondents argue that the Statesville Record and Landmark Newspaper is a newspaper serving Airedale County, North Carolina, the geographic area where petitioner resides. However, petitioner alleges that he resides in Huntersville, North Carolina, approximately 28 miles south of Statesville. Huntersville, North Carolina is in Mecklenburg County, not Airedale County.

[6]Like the previous order of publication, the legal advertisement appearing in the Independent Herald (on March 11 and 18, 2015) clearly identified the case (including petitioner's name) and advised of the date, time, and location of the April 1, 2015, hearing. Respondents' counsel advised the circuit court that publication was made in Wyoming County, as petitioner had "many relatives here that could have given him notice."

[7]The value of the property determined by the commissioners is the same value of the property determined by an appraiser hired by respondents.

On July 6, 2015, petitioner made his first appearance in this case and filed a motion for re-hearing, pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure.[8] In his motion, petitioner stated that he "has now become aware that this civil action has been filed and that there has been adverse action taken against his interest. ..." On August 5, 2015, a hearing was held on petitioner's Rule 59(e) motion, at which time the court heard the arguments of counsel and took the matter under advisement.

On August 27, 2015, the circuit court entered its order from the April 1, 2015, hearing and formally granted a default judgment against petitioner and in favor of respondents. In its order, the circuit court ruled that respondents acquired all of the one-third outstanding interest owned by petitioner and obtained quiet title to the whole of the property at issue, at the value established by the commissioners. The court directed that payment of one-third of the value of the property be deposited in an interest-bearing account and that the remainder of the proceeds be held for petitioner. On September 2, 2015, the circuit court entered its order denying petitioner's Rule 59(e) motion.[9] It is from the circuit court's September 2, 2015, order that petitioner now appeals.

We have long held that

> "[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W.Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. American Travellers Life Ins.*, 204 W.Va. 430, 513 S.E.2d 657 (1998).

Syl. Pt. 2, W*est Virginia Dep't of Transp., Div. of Highways v. Dodson Mobile Homes Sales and Servs., Inc.*, 218 W.Va. 121, 624 S.E.2d 468 (2005).

In the case sub judice, the "underlying judgment" is the circuit court's award of default judgment to respondents. "A motion to vacate a judgment made pursuant to Rule 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt.

---

[8]In his motion for "re-hearing," petitioner references Rule 59(e) of the West Virginia Rules of Civil Procedure as the basis for his motion. However, we note that Rule 59(e) permits motions to alter or amend judgments and does not reference "re-hearing."

[9]While petitioner listed Rule 59(e) of the West Virginia Rules of Civil Procedure as the basis for his motion, we note that given the circuit court's subsequent award of default judgment against petitioner, petitioner's motion was proper under Rule 60(b)(4) of the West Virginia Rules of Civil Procedure (as it seeks the ultimate relief of a determination that the judgement entered against him was void) and not Rule 59(e).

5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). [10] We have held that "[a]n appellate court should find an abuse of discretion only when the trial court has acted arbitrarily or irrationally." *State v. Beard*, 194 W.Va. 740, 748, 461 S.E.2d 486, 494 (1995). Further, we have ruled that an appellate court may reverse a circuit court's ruling for an abuse of discretion if "a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the circuit court makes a serious mistake in weighing them." *Gentry v. Magnum*, 195 W.Va. 512, 520 n.6, 466 S.E.3d 171, 179 n.6 (1995).

We first address petitioner's argument that the circuit court committed reversible error in denying his motion because the circuit court lacked personal jurisdiction over petitioner. As we stated in *Leslie Equipment Company v. Wood Resources Company, L.L.C.*, et al, 224 W.Va. 530, 533, 687 S.E.2d 109, 112 (2009),

> [t]he validity of any court ruling is dependent on two jurisdictional predicates: "To enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either if fatal to its jurisdiction." Syl. Pt. 3, *State ex rel. Smith v. Bosworth,* 145 W.Va. 753, 117 S.E.2d 610 (1960).

We have long recognized that

> [t]he Due Process Clause of the Fourteenth Amendment to the United States Constitution operates to limit the jurisdiction of a state court to enter a judgment affecting the rights or interests of a nonresident defendant. This due process limitation requires a state court to have personal jurisdiction over the nonresident defendant.

Syl. Pt. 1, *Pries v. Watt*, 186 W.Va. 49, 410 S.E.2d 285 (1991).

Consequently, a determination that the circuit court lacked personal jurisdiction would render the default judgment issued against petitioner void and unenforceable. *See Leslie Equip. Co.*, 224 W.Va. at 533, 687 S.E.2d at 112 (citing Syl. Pt. 1, *Schweppes U.S.A. Ltd. v. Kiger*, 158 W.Va. 794, 214 S.E.2d 867 (1975) (holding that order rendered without personal and subject matter jurisdiction renders decree "utterly void")). We have further held that personal jurisdiction does not "arise by operation of law when a nonresident defendant is constructively served with process pursuant to the provisions of Rule 4 of the West Virginia Rules of Civil Procedure." *Leslie Equip. Co.*, 224 W.Va. at 536, 687 S.E.2d at 115.

---

[10]We note that "[a] motion to vacate a judgment made pursuant to Rule 60(b), West Virginia Rules of Civil Procedure. is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 2, *Old Republic Ins. Co. v. O'Neal*, 237 W.Va. 512, 788 S.E.2d 40 (2016) (citing Syl. Pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974)).

Here, like the appellants in *Leslie Equip. Co.*, petitioner contends that the manner in which respondents sought to effect service of process on him deprived the trial court of the necessary personal jurisdiction to enter an enforceable default judgment against him. Respondents herein relied solely on the constructive service provisions of Rule 4 of the West Virginia Rules of Civil Procedure (specifically, service by publication), to serve petitioner, as opposed to West Virginia Code § 56-3-33, the long-arm statute.[11] By failing to avail themselves of the "statutory method that vests our trial court with *in personam* jurisdiction over nonresident defendants," we find that the constructive service effected by respondents upon petitioner led to a default judgment that is void and unenforceable. Accordingly, the circuit court erred in denying petitioner's motion.

We decline to address the remainder of petitioner's assignments of error, because they do not relate to whether the circuit court had personal jurisdiction over petitioner, as this argument is dispositive of the claims between the parties herein.[12] For the foregoing reasons, we reverse the circuit court's September 2, 2015, order and remand this case with directions to vacate the August 27, 2015, default judgment order against petitioner.

Reversed and remanded, with directions.

**ISSUED:** November 18, 2016

---

[11]We note that our decision in this case is limited to recognizing this Court's ruling in *Leslie Equip. Co.* that personal jurisdiction that arises by operation of law pursuant to the provisions of West Virginia Code § 56-3-33 does not simply arise when constructive service is effected under Rule 4. Because respondents herein sought to establish personal jurisdiction based on the constructive service provisions of Rule 4 alone, there is no factual development in the record to properly determine jurisdiction pursuant to West Virginia Code § 56-3-33.

[12]On appeal, petitioner raises six assignment of error. First, petitioner alleges that the circuit court erred in making findings of fact that were not supported by evidence. Second, petitioner argues that the circuit court erred in denying his motion for rehearing despite petitioner having no reasonable notice of the hearing. Third, petitioner contends that the circuit court committed reversible error when it denied his motion for rehearing despite knowing that the commissioners appointed by the court were not disinterested or disqualified. Fourth, petitioner alleges that the circuit court committed reversible erred by allowing the amount of $36,000 to stand as a basis for judgment. Fifth, petitioner argues that the circuit court erred in finding that the commissioners' report was proper and that petitioner failed to timely object to said report. Sixth, petitioner contends that the circuit court committed reversible error when it denied his motion for rehearing when the circuit court lacked personal jurisdiction over petitioner.

5

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II